RANDOLPH *v.* DETROIT UNITED RAILWAY.

1. CARRIERS—NEGLIGENCE—PERSONAL INJURIES—STREET RAILWAYS
   —EVIDENCE—SUFFICIENCY—QUESTION FOR JURY.

   In an action against street railway companies for injuries
   claimed to have been negligently caused to plaintiff's wife
   while she was in the act of alighting from defendants' car,
   resulting later in her death, where the defense was that
   decedent's death was due to typhoid fever, and not to said
   injuries, evidence, *held*, to present a question of fact for
   the jury.

2. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE CONSTRUED
   MOST FAVORABLY FOR APPELLANT.

   On a motion by defendant for a directed verdict in its favor,
   the evidence must be considered in the light most favor-
   able to plaintiff's claim.

3. SAME—DIRECTED VERDICT—WEIGHT OF EVIDENCE NOT CONSID-
   ERED.

   In determining whether a motion for a directed verdict was
   properly denied, it is not for the Supreme Court to weigh
   the evidence submitted by the parties.

4. SAME—NEW TRIAL—WEIGHT OF EVIDENCE CONSIDERED.

   In reviewing the denial of a motion for a new trial because
   the verdict is alleged to be against the weight of the evi-
   dence, the Supreme Court is called upon to exercise judi-
   cial discretion and determine the weight of the evidence.

5. SAME—DIRECTED VERDICT DISTINGUISHED FROM SETTING ASIDE
   VERDICT.

   The right to a directed verdict rests on a strict legal right;
   the setting aside a verdict because against the great
   weight of the evidence rests upon the exercise of judicial
   discretion.

6. STREET RAILWAYS—NOT LIABLE FOR ACTS OF LESSEE.

   A railroad company which has leased its property is not
   liable for the negligent acts of the lessee in its operation.

7. CARRIERS—STREET RAILWAYS—PERSONAL INJURIES—NEGLIGENCE —ABSENCE OF PROOF—DIRECTED VERDICT.

> Where the declaration in an action for personal injuries against two street railway companies alleged that one defendant was operating the railway for and as agent of the other defendant, but the lease or other agreement under which the operation was had was not put in evidence, and there was no proof submitted that either defendant owned, operated, or had anything to do with the operation of the road or the car which caused. decedent's injuries, the request of each defendant for a directed verdict in its favor should have been granted.

8. APPEAL AND ERROR—CHARGE OF COURT—EXCEPTIONS—REVIEW— STATUTES.

> Under 3 Comp. Laws 1915, § 14576, upon errors committed by the court in charging the jury, or in refusing requests to charge, a party aggrieved thereby may assign error without excepting thereto or bringing the matter to the attention of the trial judge.

Error to St. Clair; Law (Eugene F.), J. Submitted October 6, 1920. (Docket Nos. 33, 34.) Decided February 3, 1921. Rehearing denied March 31, 1921.

Case by William Randolph, individually and as administrator of the estate of Margaret Randolph, deceased, against the Detroit United Railway and the Port Huron, St. Clair & Marine City Railway Company for the alleged negligent killing of plaintiff's decedent. Judgments for plaintiff. Defendants bring error. Reversed.

*Walsh & Walsh,* for appellant Detroit United Railway.

*P. H. Phillips,* for appellant Port Huron, St. Clair & Marine City Railway Company.

*J. B. McIlwain,* for appellee.

SHARPE, J. On March 15, 1919, Margaret Ran-

dolph, plaintiff's decedent, his then wife, while alighting from an interurban car at the village of Algonac, was thrown to the ground and injured. She died on the second day of April following. Plaintiff claims that her death was due to the injury, while the defendants contend that a few days after the accident she became ill with typhoid fever, from which she did not recover. Plaintiff sued individually for expenses of medical attendance, burial and loss of services, etc., and also as administrator of her estate for the loss occasioned thereto by her demise. By stipulation, the cases were tried together, the jury rendering a verdict of $4,000 in plaintiff's individual case and $1,000 in that brought by him as administrator. From the judgments entered on such verdicts, defendants appeal. At the close of the proofs, each defendant preferred a request asking for a directed verdict for the reason that no negligence on the part of the several defendants was shown, and also because the undisputed evidence showed that the deceased died of typhoid fever. Separate briefs have been filed on behalf of the defendants discussing and relying on the same allegations of error.

1. Was there sufficient evidence that deceased died as a result of the injury to justify its submission to the jury? The testimony offered by plaintiff tended to establish the following facts: That deceased, a woman 46 years of age and weighing about 200 pounds prior to the accident, was in ordinary good health, doing her usual household work; that after her fall she complained to the woman who accompanied her of being hurt in her right side; that with assistance she walked to her home about a block distant; that she went to bed soon thereafter, and the next morning complained that her back and stomach hurt her; that her bowels were then loose and continued so; that she was up and about part of the time Sunday and Mon-

day, the accident having occurred on Saturday, but on Tuesday remained in bed and did not afterwards arise therefrom; that Dr. Lang was called in to see her on Monday and that Dr. DeGurse, the surgeon for defendants, who made. arrangements for Dr. Lang to continue in charge, called on the day following; that Dr. Lang on Tuesday told her daughter, who was attending her, that she had fever; that she then complained of soreness "across her stomach"; that she suffered when they moved her in bed; that she began to have passages of blood on Friday or Saturday and frequently at later times; that at times she would not recognize those in attendance on her; that at the time of her death "there was a great discharge of strong odorous stuff from her mouth and nose, it was dark yellow, tinged with blood and very offensive. Immediately after her death, her skin grew purple." It further appears that on March 26th, 11 days after the accident, Dr. MacLaren of Port Huron was sent by plaintiff and his attorney to examine the deceased. He was requested to ascertain whether she was at that time afflicted with typhoid fever. He testified:

"I found that she had no sordes on the teeth, that she had no mucus covering her tongue, it was dry and clean; there was no indentations on the margins of the teeth; that there was no epistaxis and no tympanitis. That is a distention of the bowel, inflatus and gas. I found no rose spots on her which are usually found in typhoid fever, and I found no ileocæcal gurgling. Gurgling is that which is found between the ileum and cæcum and is almost universally present in typhoid fever. I found no enlargement of the spleen and from that I was satisfied that she had not typhoid fever. All of those symptoms which I have mentioned are symptoms of typhoid fever, and they are always present."

In answer to a hypothetical question which fairly embodied the testimony relating to the accident, he

answered that, in his opinion, her condition, when he examined her, was due to the injury then received. Opposed to this testimony is that of Dr. Lang and Dr. DeGurse, both of whom testified that the deceased had symptoms of typhoid fever on the 18th; that the disease developed and caused her death. Their diagnosis was confirmed by the Widal blood test, made by a laboratory technician of the State department of health.

To justify the trial court in directing a verdict against the plaintiff, there must be, as a matter of law, a lack of competent proof to establish the claim as made. Upon this record we feel constrained to hold that no error was committed in denying defendants' motion to direct a verdict for the reason stated. The rule that on such a motion the evidence must be considered in the light most favorable to plaintiff's claim is so well established that we need not cite authority to support it. The test to here apply is, Had the plaintiff, at the conclusion of his proofs, presented sufficient evidence to justify a verdict in his favor? It is not for this court in determining this question to weigh such evidence as against that submitted by the defendants. This we are required to do when error is assigned on the denial of a motion for a new trial based on the claim that the verdict is against the great weight and preponderance of the evidence. We are then called upon to exercise a judicial discretion, as is the trial judge in deciding such a motion. The result of directing a verdict and setting one aside is widely different and not to be controlled by the same considerations. When a verdict is directed, the judgment entered is final; when one is set aside, a new trial is granted. The former rests on a strict legal right, the latter upon the exercise of judicial discretion. This discretion should never be exercised in directing a verdict under the law which confides to

juries, and not to courts, the determination of the facts.

2. Error is assigned upon the following portion of the charge to the jury:

"If you find that the defendants, both or either of them, were guilty of injuring Margaret Randolph by negligent act in starting the car in question while she was in the act of alighting therefrom, and you further find that the injuries she then received were the proximate cause of her death, you will then proceed to determine the amount of damages the plaintiff is entitled to receive at your hands in each case and return two verdicts as to damages."

Before giving this instruction, the court had said:

"In both suits it is the claim of the plaintiff that on the afternoon of March 15th last, his said wife, Margaret Randolph, took passage at Algonac, Michigan, for Marine City, Michigan, on an electric car on the road of the defendant the Port Huron, St. Clair & Marine City Railway Company, the said car being under the management and control of the other defendant, the Detroit United Railway, as agent for the Port Huron, St. Clair & Marine City Railway Company. Plaintiff claims that his wife paid the regular fare to Marine City as a passenger."

The defendants severally preferred the following request:

"There is no proof in this case tending to show that the defendant is liable for any injuries that may have occurred to deceased, as no showing of any negligence on the part of this defendant was made."

The declaration alleges that the defendant Port Huron, St. Clair & Marine City Railway Company was the owner of the railway and the defendant Detroit United Railway was operating it for and as agent of the owner. It was held in *Ackerman* v. *Railroad Co.,* 143 Mich. 58 (8 Ann. Cas. 118), and in *Peacock* v.

*Railway Co.*, 208 Mich. 403, that a railroad which has leased its property to another is not liable for the negligent acts of the lessee in its operation. The lease or other agreement under which such operation was had was not put in evidence. We, therefore, express no opinion on the liability of the owner but content ourselves with calling attention to these decisions.

There was no proof submitted that either defendant owned, operated or had anything to do with the operation of the road or the car which caused decedent's injuries. The request of each defendant should have been given and a verdict directed in its favor. Counsel for the plaintiff, however, insists that "No such question was raised on the trial below or on the motion for a new trial."

Section 14576, 3 Comp. Laws 1915, provides:

"It shall not be necessary in any suit, action or proceeding, civil or criminal, in any circuit court, to except to the charge given to the jury, or to the refusal to give any charge requested by either of the parties to such suit, action or proceeding, but any party aggrieved by any such charge, or refusal to charge, may assign errors upon such charge, or refusal to charge, in his assignments of error, the same as if exception had been made to such charge or refusal to charge."

This section, which was section 10247, 3 Comp. Laws 1897, as amended by Act No. 52, Public Acts 1901, has been several times considered by this court. *McCullough* v. *Railway Co.*, 101 Mich. 234; *Howell* v. *Railway Co.*, 136 Mich. 432; *Totten* v. *Totten*, 172 Mich. 565. In the latter case, Mr. Justice STEERE, speaking for the court, said:

"If manifestly an inadvertence, as indicated to those listening to the charge, it would seem to be the duty of plaintiff's counsel, rather than defendant's, to call the attention of the court to it. Under the practice which formerly prevailed, it would have been the duty of counsel for defendant to then take exceptions, there-

by calling the attention of the court to the matter and thus give opportunity to make correction; but latterly, for reasons which we do not seek to fathom, the legislature provided that it is not necessary in such cases to except to the charge given to the jury, but the party deeming himself aggrieved by any portion of the charge may remain silent, and subsequently, when removing the case to this court for review, assign his errors upon the charge."

While we are impressed that the charge of the court as to the claims of the parties was probably founded on the admissions and statements of counsel in their arguments to the jury, these are not included in the bill of exceptions. We feel constrained to hold that on the record as made the plaintiff's proofs were not sufficient to entitle him to a judgment against either defendant.

The judgments are therefore reversed and a new trial ordered. The costs of this appeal will abide the result of the final judgment which may be entered

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.

The late Justice BROOKE took no part in this decision.