PEOPLE v. NELSON.

CRIMINAL LAW—STATUTORY RAPE—EVIDENCE—TRIAL—INSTRUC-
TIONS.
    In a prosecution for statutory rape upon defendant's 15-
    year-old daughter, where defendant's stepdaughter, a
    married woman, was allowed without objection to testify
    to acts of intercourse with her by defendant when she
    was 13 years of age, an instruction by the court allowing
    the jury to consider said testimony as bearing upon de-
    fendant's character, held, reversible error.

Error to Cass; Des Voignes (L. Burget), J.    Sub-
mitted April 17, 1924.    (Docket No. 127.)    Decided
June 2, 1924.

George Nelson was convicted of statutory rape, and
sentenced to imprisonment for not less than 12 nor
more than 24 years in the State prison at Jackson.
Reversed.

John J. Sterling, for appellant.

Andrew B. Dougherty, Attorney General, and Asa
K. Hayden, Prosecuting Attorney, for the people.

MOORE, J.    The information filed in this case
charges defendant had sexual intercourse with Gladys
Nelson, a female of the age of 15 years, on or about
July 5, 1921.    The defendant pleaded not guilty.
Counsel was assigned by the court to defend him.
Upon the trial for some reason not explained, without
objection by either the judge or counsel, a Mrs.
Lamphear was allowed to testify as follows:

"Previous to that time they lived on the Charlie

Platt farm in Berrien county.    I lived at home then. I was thirteen years of age at that time.

"*Q.* Now did your stepfather have sexual intercourse with you at that time and on or about the 4th day of December, 1917?

"*A.* Yes.

"*Q.* How many times?

"*A.* Three or four times.

"*Q.* Now when you went back home when the family lived at Eau Claire, did he have sexual intercourse with you then?

"*A.* Yes, I was fifteen years old then.

"*Q.* Did you discover that Gladys was in a family way late in 1921?

"*A.* Yes, that was Thanksgiving day.

"*Q.* And did she finally tell you who was to blame for her condition?

"*A.* Yes, that was February 6th, this year.

"*Q.* Who did she tell you was to blame for her condition?

"*A.* George Nelson, my stepfather, the defendant here.    She didn't tell me about any act of this kind that took place previous to the one that caused her condition.

"*Q.* I call your attention to a case that she told you about when the family was living at Eau Claire. Did she tell you about that?

"*A.* Yes, she said that her father had intercourse with her at that time."

Gladys Nelson was sworn as a witness.    She testified her father had sexual intercourse with her July 5, 1921.    She also testified without objection from either court or counsel that he had intercourse two weeks later, and still another time, after July 5th. The defendant was sworn as a witness and denied fully the testimony of Gladys Nelson, and the testimony of Mrs. Lamphear.    He also addressed the jury briefly. Mrs. Lamphear is the stepdaughter of the defendant referred to in that part of the charge, we now quote:

"It is the claim of the people that this defendant in the home where he lived, and whose duty it was to

protect his stepdaughter, that prior to this time he had wrongful relations with her.  Now, gentlemen, you cannot use that, or convict the respondent because of his wrongful acts with the stepdaughter; but the court permitted that evidence to be introduced as bearing upon the character of this man, and if it was believed by you, as bearing upon the probability of the major offense having been committed on his own daughter.  That in substance is what the people contend for in this case and claim that they have introduced evidence beyond a reasonable doubt to convince you of this major offense.  *  *  *

"Now gentlemen you are to consider the testimony that is introduced here and not be misled by any suppositions or conjectures."

The jury returned a verdict of guilty March 6, 1922. On the 13th of March, 1922, the defendant was sentenced to the State prison at Jackson "to serve a term of from 12 to 24 years."

February 24, 1923, a motion for a new trial was made for several reasons.  This application was accompanied by an affidavit of Gladys Nelson that her testimony on the trial was false, that defendant never had sexual intercourse with her, that she had been persuaded by Mr. and Mrs. Lamphear to testify as she did and that Mr. Lamphear was the father of her child.  The admission of testimony of Mrs. Lamphear and the charge of the court in relation thereto are so clearly error that the verdict and judgment should not be permitted to stand.

The verdict and judgment are set aside and a new trial ordered.

MCDONALD, BIRD, and SHARPE, JJ., concurred with MOORE, J.

FELLOWS, J. (*concurring*).  The giving of the portion of the charge of the court quoted by my Brother MOORE was clearly reversible error.  Defendant has properly assigned error upon it.  3 Comp. Laws 1915,

§ 14576; *Totten* v. *Totten,* 172 Mich. 565; *Randolph* v. *Railway,* 213 Mich. 100.    For this error the case should be reversed.    I concur in its reversal for this reason.

CLARK, C. J., and STEERE and WIEST, JJ., concurred with FELLOWS, J.