YACOBIAN *v.* VARTANIAN.

1. JUDGMENT — NON OBSTANTE VEREDICTO — EVIDENCE MUST BE
   VIEWED MOST FAVORABLY TO OPPOSITE PARTY.
   In considering a motion by defendant for judgment *non
   obstante veredicto*, under 3 Comp. Laws 1915, § 14568,
   the evidence must be viewed in the light most favorable
   to plaintiffs; the same considerations obtaining as upon
   a motion to direct a verdict.

2. SAME—TRIAL—WEIGHT OF EVIDENCE FOR JURY.
   Where there was evidence in support of plaintiffs' claim,
   an order granting defendant's motion for judgment *non
   obstante veredicto* was erroneous, since the weight of the
   evidence is for the jury.

3. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—ENTRY OF JUDG-
   MENT ON VERDICT.
   Where there are in the record no assignments of error
   under Circuit Court Rule No. 66, upon which defendant
   might rely in the event of reversal of its judgment *non
   obstante veredicto*, on reversal the trial court will be
   directed to enter judgment on the verdict.

Error to Wayne; Webster (Arthur), J.    Submitted
October 24, 1922.    (Docket No. 7.)    Decided De-
cember 5, 1922.

Case by Charles Yacobian and another against
Henry Vartanian for fraud in the sale of real estate.
Judgment for defendant *non obstante veredicto*.
Plaintiffs bring error.  Reversed, and judgment entered
on the verdict.

*Henry B. Graves* and *Mark L. Rowley*, for appellants.

*James I. Ellmann*, for appellee.

CLARK, J.   This is an action for damages for fraud

and deceit in the sale of real estate to plaintiffs. The defendant is the real estate dealer who brought about the sale. The premises are located in Highland Park between Florence avenue on the north and an alley on the south and are described as Lot 134, annex to Prospect Park subdivision, etc. Defendant's client, Zimmerman, was a contract purchaser of the north part of the lot on which was a family flat. The south part of the lot was vacant and was not owned by Zimmerman. Plaintiffs spoke and understood English imperfectly. Defendant was of the same foreign tongue, but had a better knowledge of English. Their negotiations were principally in their native tongue. And plaintiffs say the negotiations were with defendant, not with his client. Plaintiffs say that defendant represented to them that his client owned the whole lot, and that they might purchase it through him. They testified that defendant showed them about the premises, pointed out the building and the vacant part of the lot, represented that the sale would be of the whole lot, and that a preliminary agreement was written by defendant which covered the entire lot. Upon the making of such agreement plaintiffs paid $300. Later, as plaintiffs say, defendant came with his client's land contract, on which an assignment to plaintiffs had been written, and read and explained it to them in their tongue. The contract description was:

"Fraction of lot according to certain survey agree to.—Lot No. 134, annex to Prospect Park subdivision," etc.

Plaintiffs testified that defendant said nothing about a fraction of a lot, and did not explain to them that the contract so assigned covered but a part of the lot but that he said: "Now you got four family flat and also you got a big lot behind the house." Plaintiffs then paid $3,700, making a total of $4,000 paid, which

covered Zimmerman's interest. When the assignment of the land contract was delivered, defendant took up the preliminary writing, as plaintiffs claim. It was not produced at the trial. Plaintiffs, preparing to build on the vacant part of the lot, were advised of its ownership. This suit followed.

Defendant claimed that he himself was deceived by his client. He contradicted squarely the material testimony of the plaintiffs. Defendant moved for a directed verdict. The court reserved the question and submitted the case to the jury who returned a verdict of $2,000 for plaintiffs. Plaintiffs sought judgment on the verdict, defendant a judgment notwithstanding the verdict. Defendant had judgment. Plaintiffs by their assignments raise a single question, Was the circuit judge in error in ordering judgment notwithstanding the verdict?

In ordering judgment the court said:

"The jury have by their verdict found that the lot was represented to plaintiffs as running back to the alley; and they have also found that this representation was made by defendant with a knowledge of its falsity. * * *
"In my opinion there is not sufficient evidence in this case to warrant a finding by the jury that defendant had knowledge of the fraud or misrepresentation."

We think the trial judge inadvertently treated the motion as a motion for a new trial. The statute respecting a judgment notwithstanding a verdict is section 14568, 3 Comp. Laws 1915. The order for such judgment may be made upon a reserved decision of a motion to direct a verdict. The same considerations obtain as upon the decision of a motion to direct a verdict. The evidence must be viewed in the light most favorable to the party against whom the direction is sought. *Randolph* v. *Railway*, 213 Mich. 100. The weight to be given the evidence was for the jury.

The plaintiffs had evidence in support of their claim and hence made a case for the jury. *Goonen* v. *Railroad Co.*, 218 Mich. 502. The most potent testimony, viewed in the light of what plaintiffs claimed had preceded, was that respecting defendant's claimed misstatement and concealment of the description set forth in the contract assigned to plaintiffs. Whether defendant was acting in good faith and was also mistaken in this and in other claimed statements and representations, and whether any representations were made by defendant, as claimed, were for the jury.

There being in the record no assignments of error (Circuit Court Rule No. 66) upon which defendant might rely in the event of a reversal, the judgment is reversed and the trial court directed to enter judgment upon the verdict as rendered. The plaintiffs will recover costs.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.