MAJEWSKI v. NOWICKI.

1. ATTORNEY AND CLIENT—FEES—EVIDENCE.

Verdict rendered by jury in favor of plaintiff attorney in his action against defendants for fees for services rendered *held*, not contrary to the great weight of the evidence, there being nothing in the record to indicate that the verdict was reached as a result of passion, prejudice, mistake of law or of fact, or that it amounts to an injustice to defendants.

2. TRIAL—REMITTITUR—DISCRETION OF COURT.

It was an abuse of discretion for the trial judge to enter an order requiring remittitur, where the record contains evidence to support jury's entire verdict and nothing to indicate that the verdict was reached as a result of passion, prejudice, mistake of law or of fact, that it amounted to an injustice to defendants, or was contrary to the evidence.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted October 3, 1961. (Docket No. 4, Calendar No. 48,860.) Decided December 1, 1961.

Assumpsit by Stephen A. Majewski against Joseph J. Nowicki, Stella Nowicki, and Henry Nowicki, doing business as J. J. Sporting Goods Co., for attorney fees. Verdict and judgment for plaintiff. New trial granted unless remittitur filed. Plaintiff appeals. Reversed and remanded for entry of judgment on verdict.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur, Attorneys at Law § 181.
[2] 39 Am Jur, New Trial §§ 210, 215, 216.

*Patrick J. Keating,* for plaintiff.

*Mervyn H. Sternberg,* for defendant.

DETHMERS, C. J.   Plaintiff sued upon an express oral contract for attorney fees and the common counts for the reasonable value thereof.  His proofs showed due him, under the express contract, a total of $9,911.02.  The jury returned a verdict in his favor for $9,900.  Defendants filed a motion for new trial based upon certain alleged grounds, of which none are urged upon this appeal except the conclusion that the verdict was excessive.  The court entered an order granting defendants a new trial unless plaintiff should file a remittitur of $5,700.  The trial judge died shortly thereafter, leaving no written opinion or anything in the record to disclose his reasons for requiring the remittitur.  Plaintiff declined to file a remittitur and appeals, on leave granted, from the order.

Plaintiff urges that the verdict was within the range of and supported by the proofs.  So it was. There were proofs of defendants to the contrary, but these the jury clearly did not accept as true.  It is manifest that the jury believed plaintiff's testimony as to an express oral agreement and rendered a verdict, based thereon, in round numbers amounting to just $11.02 less than the $9,911.02 claimed and testified by plaintiff to be due him.  In support of the common counts plaintiff introduced the testimony of a lawyer, disputed by a witness for defendants, that the reasonable value of the service was not less than $13,000 nor more than $16,000.  However, plaintiff waived payment of any sum greater than the amount of his claim under his oral contract.

Defendants do not argue directly in their brief filed here that the verdict was against the great weight of the evidence, and it clearly was not.

Rather, they stress the contention that the trial court should not be reversed unless guilty of an abuse of discretion. They make no showing or argument of errors committed on trial which could have resulted in an excessive verdict, and none appear in the record. There is nothing to indicate that the verdict was reached as a result of passion, prejudice, mistake of law or of fact, or that it amounts to an injustice to defendants or is contrary to the evidence. We can only conclude that the entering of an order requiring remittitur constituted an abuse of discretion.

Reversed and remanded for entry of judgment on the verdict, with costs to plaintiff.

CARR, KELLY, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.

SOURIS, J., did not sit.

OTIS M. SMITH, J., took no part in the decision of this case.