## LAKE OAKLAND HEIGHTS PARK ASSOCIATION *v.* TOWNSHIP OF WATERFORD.

1. APPEAL AND ERROR—REVERSIBLE ERROR.

   The question on appeal in a case, especially one which had taken over a week for trial, is not whether the record was completely free from error, but whether reversible error was committed.

2. WITNESSES—EXPERT—OPINION.

   Court rule permits expert witness to state his opinion and the reasons therefor, without first specifying data on which it is based, and the burden of attacking the basis of his opinion shifts to cross-examiner (GCR 1963, 605).

3. SAME—EXPERT—OPINION—WEIGHT.

   Weight to be given the testimony of an expert witness is left to the jury to determine under proper instructions.

4. SAME—EXPERT—LAND VALUE—OPINION.

   Refusal of trial court to strike testimony of expert witness on diminution of land values because he failed to bring into court with him the data on which his opinions on diminution of land value were based, *held*, not error, in suit by number of landowners against county and township for damages for nuisance in erecting a water tower near plaintiffs' lands (GCR 1963, 605).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 776 *et seq.*
[2] 58 Am Jur, Witnesses § 836 *et seq.*
[3] 20 Am Jur, Evidence § 1206.
[4] 58 Am Jur, Witnesses § 844 *et seq.*
[5] 53 Am Jur, Trial § 842.
[6] 39 Am Jur, Nuisances § 2.
[7, 8] 53 Am Jur, Trial § 463.
[9] 4 Am Jur 2d, Appeal and Error § 491 *et seq.*
[10] 5 Am Jur 2d, Appeal and Error § 882.
[11, 12] 39 Am Jur, Nuisances § 161.
[13] 5 Am Jur 2d, Appeal and Error § 1014.

5. Trial—Instructions.

Instructions to a jury must be considered as a whole and an instruction which contains objectionable portions does not constitute reversible error so long as it is adequate as a whole.

6. Nuisance—Instructions.

Instruction to jury in which trial judge inadvertently charged that nuisance is an *unwanted* use of property, when he intended to charge, and later thought that he had charged, that nuisance is an *unwarranted* use of property, *held*, not reversible error when charge was considered as a whole.

7. Trial—Argument—Inferences.

Counsel may draw reasonable inferences from the testimony in argument to jury.

8. Same—Argument—Possible Occurrence—Foundation in Record.

Testimony in record by employee of firm which constructed water tower for defendant township's water system, that tower could fall under tornadic winds, supported plaintiffs' counsel's argument to jury as to what would happen if tower fell, hence refusal of trial court to grant motion for mistrial because of improper argument was not error.

9. Appeal and Error—Jury View of Prejudicial Sign—Saving Question for Review.

Appellants cannot claim error in permitting jury to view water tower adjacent to appellees' property because of sign near tower with allegedly prejudicial legend on it, where record does not show that appellants objected to view of sign in lower court.

10. Same—Verdict—Weight of Evidence.

Court of Appeals will not set aside verdict of jury in suit by landowners against township and county for damages for nuisance in building a water tower adjacent to landowners' property, where record does not justify conclusion that verdict is against the overwhelming weight of the evidence.

11. Injunction—Water Tower—Construction and Maintenance—Zoning.

Dismissal of action by plaintiff landowners against township and county to enjoin construction and maintenance of water tower adjacent to plaintiffs' lands *held*, not error, where zoning ordinance exempted land uses for essential services, so defined as to include water tower.

12. SAME—WATER TOWER—MAINTENANCE—NUISANCE.

Equity should not decree the destruction of valuable property, such as a water tower, which constituted a nuisance to adjacent lands, where complaining injured landowners have been awarded compensatory damages by a jury.

13. COSTS—NEITHER PARTY PREVAILING FULLY.

No costs are awarded on appeal by township and county and cross-appeal by landowners in action to enjoin construction and maintenance of water tower adjacent to their lands, but awarded them damages against township and county for nuisance to their lands, neither party prevailing in full.

Appeal from Oakland; Dondero (Stanton G.), J.. Submitted Division 2 October 5, 1966, at Lansing. (Docket No. 764.) Decided February 14, 1967.

Lake Oakland Heights Park Association, a Michigan corporation, and numerous persons owning land in Lake Oakland Heights subdivision brought an action against Waterford township, a Michigan charter township, and Oakland county to restrain the erection of a water tower and for other relief. Injunction denied, but damages awarded to certain landowners. Certain other plaintiffs were dismissed during the trial, and judgment notwithstanding the verdict was entered against still other plaintiffs after trial. Defendants appeal, and plaintiffs cross-appeal. Affirmed.

*Paul G. Valentino,* for plaintiffs.

*Charles J. Long,* for defendant Oakland county.

*Paul M. Mandel,* for defendant Waterford township.

McGREGOR, J. The subject matter of this lawsuit for alleged damages and injunctive relief arises from the construction of a water tower constructed at the

behest of the appellants within or adjacent to the subdivision in which are located the residential properties of the appellee landowners. The water tower is of familiar design, consisting of a large steel tank designed to hold approximately 750,000 gallons of water, supported by a steel superstructure 163 feet in height. This tower is one of two such towers designed to serve a new central water system for the area. The original cost of the water tower in question was approximately one-half million dollars, and the entire community water system cost about seven million dollars.

The appellees commenced this suit, claiming the water tower was a nuisance, asking damages for the impairment of the value and enjoyment of their property, and for a permanent injunction against the construction and maintenance of the tower. The case was heard before a jury in the circuit court as to damages. The jury returned a verdict for damages of $1 to the appellee subdivision association, and damages to the individual appellees-landowners ranging from $110 to $4,050. The trial judge dismissed with prejudice several actions of individual lot owners-plaintiffs who did not appear in court to present evidence. The trial court also dismissed the claim for an injunction to prohibit the construction and maintenance of the water tower. A judgment *non obstante veredicto* was granted against certain appellees.

Appellants claim several errors were committed in the conduct of the trial and in the admission of evidence. The appellees filed a cross-appeal, claiming that the trial judge erred in not granting an injunction against the construction and maintenance of the water tower, in dismissing the nonappearing plaintiffs "with prejudice," and in granting a judgment *non obstante veredicto* against the other plaintiffs.

We will consider first the theories of the appellants, units of government, who were the defendants below.

There has probably never been a circuit court trial which was completely free from error. The trial of this case in circuit court consumed nine days; the transcript and documents submitted on appeal have a total of more than 1,500 pages. · In a case involving so much time and testimony, the question is not whether the record was completely free from error, but whether reversible error was committed.

The first issue raised by the appellants is whether the court erred in failing to strike the testimony of appellees' expert witness on valuation, because that witness failed to bring into court with him the data upon which his opinions of diminution of values were based. Under GCR 1963, 605, the expert witness "may state his opinion and reasons therefor, without first specifying data on which it is based." As correctly pointed out by the authors' comments in 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed, 1965), at p 386, the burden of attacking the basis of an expert witness' opinion shifts to the counsel who cross-examines. As pointed out in *Cree Coach Co.* v. *Wolverine Insurance Co.* (1962), 366 Mich 449, 453–456, under proper instruction, the weight to be given the testimony of an expert witness is left to the jury to determine. Accordingly, we find no reversible error in the trial court allowing the jury to consider the testimony of the plaintiffs' expert witness.

The appellants' second claim of error is that the judge charged that a nuisance was an "unwanted" use of property. The record reveals that the opposing counsel had approved a charge that a nuisance was an "unwarranted" use of property. The trial judge intended to use the word "unwarranted" and indeed, believed he had used the word "unwar-

ranted." As pointed out by this Court, in *King* v. *Daly* (1965), 2 Mich App 120, instructions to a jury must be considered as a whole, and ample authority supports the proposition that an instruction which contains objectionable portions does not constitute reversible error, so long as it is adequate as a whole. It is the opinion of this Court that the inadvertent use of the word "unwanted" rather than the word "unwarranted" did not constitute reversible error in this case.

The third point of the appellants is that the court erred in refusing a motion for mistrial made because of statements made by the appellees' counsel in his closing argument. The statements concerned what would happen if the water tower were to fall, if struck by high winds. The court had earlier instructed the jury to disregard speculation by a landowner as to this possibility. It is appellants' contention that because the testimony of the landowner was stricken, concerning the event of the tower falling, appellees' counsel had no basis for his statements concerning this eventuality in his closing argument. There was testimony by an employee of the firm which constructed the tower that it could fall under tornadic winds. In arguing to a jury, counsel may draw reasonable inferences from the testimony. *Hayes* v. *Coleman* (1953), 338 Mich 371. There was foundation for counsel's statement in the record and, therefore, no reversible error was committed.

The fourth claim of error by the appellants is that the jury was prejudiced in favor of the appellees when they were taken to view the water tank in question, because of a sign posted in close proximity to the water tower, which read: "The township board has bought a hill to build a tank for water, they snub our plea for human rights and set us up for slaughter. Lake Oakland Heights." There is

no showing in the record that appellants objected to this sign in the lower court. The appellants can not claim error on this issue for the first time in the appellate court.

The appellants, finally, contend that the court erred because the jury verdict was contrary to law, was contrary to the weight of the evidence, was grossly excessive, and that the appellees had not sustained their burden of proof as to nuisance. As correctly stated by the appellants, this Court follows *McConnell* v. *Elliott* (1928), 242 Mich 145, in that we will set aside a jury verdict only when it is against the overwhelming weight of the evidence. The record in this case does not justify the setting aside of the verdict.

Concerning the issue raised in the cross-appeal, as to whether an injunction should lie against the construction and maintenance of the water tower, we find no error in the lower court's dismissal. The applicable Waterford township zoning ordinance (section 5.02) permitted land use in the area for "municipal buildings and uses." The exemption provisions of the Waterford zoning code, sections 3.07 and 2.38, went on to exempt essential services from the application of the zoning ordinances. The definition of essential services, as given in the zoning code, would include the water tower which is the subject of this lawsuit. We find no error in the lower court's application of the doctrine of *Taber* v. *City of Benton Harbor* (1937), 280 Mich 522, in dismissing the claim for injunction. We agree with the position taken by the Supreme Court in *Obrecht* v. *National Gypsum Co.* (1960), 361 Mich 399, at p 420, that it would be improper for equity to decree the outright destruction of valuable property. This position is followed with due regard to the fact that the jury has awarded compensatory damages in this case.

As to the cross-appeal issue concerning the improper dismissal of certain plaintiffs and the judgment *non obstante veredicto* as to certain other plaintiffs, this Court, upon perusal of the record, finds no reversible error.

The action of the court below is affirmed. Costs shall not be awarded as neither party was wholly successful on appeal.

QUINN, P. J., and N. J. KAUFMAN, J., concurred.