NEWTON *v.* HUDDLE

1. APPEAL AND ERROR—VERDICT.

The test for granting appellate relief because a jury verdict is contrary to law and against the great weight of the evidence is that the verdict is against the overwhelming weight of the evidence.

2. APPEAL AND ERROR—IMPROPER ARGUMENT—PRESERVATION OF ERROR.

To preserve for appellate review a question of improper argument to the jury, there must be both an objection to that argument and a request for an instruction to disregard the argument.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 February 10, 1970, at Detroit. (Docket No. 6,996.) Decided February 27, 1970.

Complaint by William Newton, for himself and as next friend of David Newton, against Joseph E. Huddle and Mabel E. Barger for damages resulting from an automobile collision. Judgment of no cause of action for David Newton. Judgment award

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 833 *et seq.*
[2] 22 Am Jur 2d, Damages § 398 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error §§ 624–627.

of $200 for William Newton. Plaintiffs appeal. Affirmed.

*Robert H. Thomas* (*Theodore M. Rosenberg,* of counsel), for plaintiffs.

*John R. Secrest,* for defendants.

Before: QUINN, P. J., and FITZGERALD and R. B. BURNS, JJ.

QUINN, P. J. David Newton, a six-year-old child, was a passenger in an automobile driven by his father when that automobile was struck in the rear by a car owned by defendant Barger and driven by defendant Huddle. David suffered a bloody nose as a result of the accident. David was born with a large void in his lip, without flesh going into his nostril. He had had three operations to correct this deficiency prior to the accident here involved.

This action was brought by David's father as next friend and individually to recover damages for David and for the father growing out of the accident. The damages sought were $100,000 for David and $20,000 for the father. The jury verdicts were no cause of action for David and an award of $200 for the father. Judgments entered on the verdicts; plaintiffs' motion for new trial was denied, and they appeal.

Two of the grounds urged by plaintiffs as the basis for appellate relief are so interrelated that decision on one ground also disposes of the other. Plaintiffs claim that the verdicts were contrary to law and against the great weight of the evidence, and that the trial court erred in denying the motion for new trial.

There was medical evidence to the effect that David became a mouth breather instead of a nose breather after the accident and that he would probably need plastic surgery in the future. A report from another doctor who examined David some time after the accident indicated there was no evidence of traumatic damage to David's nose. When the latter is considered in conjunction with David's birth defect and the steps taken to correct it, there is substantial evidence to support the verdict of no cause of action as to David's claim. Before accepting this verdict, the trial court interrogated the foreman of the jury to determine the accuracy of the verdict. During this interrogation, the foreman indicated that on the evidence presented, the jury did not believe David was injured as a result of the accident.

The test for granting appellate relief because a jury verdict is contrary to law and against the great weight of the evidence is that the verdict is against the overwhelming weight of the evidence. *Lake Oakland Heights Park Association* v. *Township of Waterford* (1967), 6 Mich App 29. The record before us fails to meet that test.

The award of $200 on the father's claim is not so inadequate as to require reversal. That award was within the range of the testimony and it does not shock our conscience. *Stevens* v. *Edward C. Levy Company* (1965), 376 Mich 1.

The foregoing findings preclude a finding that the trial court abused its discretion in denying the motions for new trial. The latter finding is necessary before granting appellate relief. *Benmark* v. *Steffen* (1968), 9 Mich App 416.

On the strength of defense counsel's argument to the jury, plaintiffs contend the verdicts were obtained by prejudice and sympathy. Plaintiffs neither objected to the argument nor requested an

instruction to disregard the argument. Both steps are necessary to preserve this question for review. *Kujawski* v. *Boyne Mountain Lodge, Inc.* (1967), 379 Mich 381.

Finally, plaintiffs' claim that the jury failed to follow the trial court's instructions is negated by the jury foreman's answers to the trial court's questions to the jury prior to accepting the verdicts.

Affirmed with costs to defendants.

All concurred.