VILAND *v.* WINSLOW

1. MOTIONS—DIRECTED VERDICT.

On a motion for a directed verdict, at the close of proofs, the judge applies the same test for determining the sufficiency of evidence as in motions for judgment notwithstanding the verdict (GCR 1963, 515.2).

2. PHYSICIANS AND SURGEONS—MALPRACTICE—PROFESSIONAL STANDARDS.

A doctor need use only the skill, care, knowledge and attention ordinarily possessed and exercised by others in the profession under like circumstances in order not to be guilty of malpractice.

3. PHYSICIANS AND SURGEONS—PERIODONTISTS—MALPRACTICE.

A periodontist's grinding of plaintiff's teeth, during treatment of prematurities, which caused a malocclusion of plaintiff's front teeth did not constitute malpractice where there was no evidence that the procedure used or the treatment prescribed was improper.

Appeal from Wayne, John B. Swainson, J. Submitted Division 1 May 7, 1971, at Detroit. (Docket No. 10162.) Decided June 24, 1971.

Complaint by Les Viland against Max Winslow for malpractice. Directed verdict for defendant. Plaintiff appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 355.
[2] 41 Am Jur, Physicians and Surgeons § 84 *et seq.*
[3] 41 Am Jur, Physicians and Surgeons § 88.

*Johnson, Campbell & Moesta,* for plaintiff.

*Moll, Desenberg, Purdy, Glover & Bayer,* for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

J. H. GILLIS, J. Plaintiff, Les Viland, brought this suit against defendant, Max Winslow, a periodontist, alleging malpractice. After the close of all proofs, the trial judge granted defendant's motion for directed verdict and dismissed the jury. Plaintiff appeals as of right.

When a motion for directed verdict is made at the close of all proofs, the trial judge, having heard all the evidence to be presented in the case, applies the same test for determining the sufficiency of evidence as in motions for judgment notwithstanding the verdict. See GCR 1963, 515.2; *Yacobian* v. *Vartanian* (1922), 221 Mich 25; *Hes* v. *Haviland Products Co.* (1967), 6 Mich App 163; 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 530. Accordingly, the purpose of our review of the record is to determine whether the evidence presented, viewed in the light most favorable to the party opposing the motion, supplies any reasonable basis for a jury finding contrary to the requested verdict.

Plaintiff was referred to defendant, as a specialist in periodontics, by his own dentist, for treatment of an abscessed tooth. Defendant outlined a treatment program which included removal of the abscessed tooth, scaling of tartar deposits, and occlusal adjustment to prevent further trauma to remaining teeth.

Occlusal adjustment was prescribed because prematurities, or high points, were found to exist on

defendant's molars which prevented proper alignment of the rest of the teeth when his jaw was closed. The treatment consisted of grinding away the high points to bring the teeth into proper alignment. There is no evidence presented that such treatment was improperly prescribed, or that the methods used by defendant did not meet the required standard of care. Rather, plaintiff predicated his cause of action on the results achieved by the treatment.

After the second session of tooth grinding, plaintiff complained of malocclusion caused by prematurities on his front teeth. He refused further treatment from defendant, and went to several other dentists, who subsequently testified as plaintiff's expert witnesses.

These expert witnesses were not in complete agreement as to whether the new malocclusion was caused by "drifting" teeth, bruxism (a nervous, unconscious habit of clenching or gnashing teeth), or too much grinding off of the rear teeth. At this point, we will assume that a jury could find that the grinding of the rear teeth caused the malocclusion of plaintiff's front teeth to become apparent. *Schedlbauer* v. *Chris-Craft Corp.* (1968), 381 Mich 217. However, there is no testimony that the procedure used or the treatment prescribed by defendant was improper or that the fact that prematurities on front teeth were noted after removal of prematurities on rear teeth is evidence of dental malpractice.

A doctor does not guarantee results. All the law demands is that the practitioner use the skill, care, knowledge, and attention ordinarily possessed and exercised by others in the profession under like circumstances. *Zoterell* v. *Repp* (1915), 187 Mich 319; *Skeffington* v. *Bradley* (1962), 366 Mich 552;

*Roberts* v. *Young* (1963), 369 Mich 133. Absent testimony showing that standard of care to be violated, a jury verdict for plaintiff would have been improper. We find the trial court was correct in concluding that plaintiff had failed to present a *prima facie* case.

Affirmed. Costs to appellee.

All concurred.