DOUGHERTY v REZOLIN, INC

1. DAMAGES—EXCESSIVE DAMAGES—REMITTITUR—DISCRETION.

   The standard on appeal when reviewing a judgment for damages claimed to be excessive in which the prevailing party has agreed to a remittitur of part of the damages awarded by the jury is whether the trial court abused its discretion; where the medical expenses were minimal but the record revealed evidence of continued and serious pain, a judge who had an opportunity to see and hear the testimony of the witnesses did not abuse his discretion by concluding that $65,000 was the highest amount which the evidence will support (GCR 1963, 527.6).

2. AUTOMOBILES—NEGLIGENCE—REFERENCE TO INSURANCE—PREJU-DICE.

   Casual unintentional references to insurance during the voir dire and again during the cross-examination of one of the plaintiff's witnesses in an automobile negligence case does not compel the grant of a mistrial.

Appeal from Wayne, Roland L. Olzark, J. Submitted Division 1 April 3, 1973, at Detroit. (Docket No. 12413.) Decided July 26, 1973.

Complaint by Gladys M. Dougherty, administratrix of the estate of Harold Dougherty, for damages for injuries sustained in an automobile accident. Verdict for plaintiff. Remittitur agreed to by plaintiff. Judgment for plaintiff. Defendant appeals. Affirmed.

*Zeff & Zeff (Edward Grebs,* of counsel), for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Damages §§ 366, 367.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1009, 1010.

*Alexander, Buchanan & Seavitt,* for defendant.

Before: V. J. BRENNAN, P. J., and DANHOF and
BASHARA, JJ.

PER CURIAM. Plaintiff's decedent sustained injuries as a result of an automobile accident, and maintained this cause of action for damages against defendant corporation, the owner of the other automobile. The jury returned a verdict in favor of plaintiff in the amount of $100,000; the trial judge ordered a new trial unless the plaintiff agreed to a remittitur of $35,000. Plaintiff agreed to the remittitur and judgment was entered in his behalf for $65,000. Defendant now appeals.

The first argument raised by the defendant is that the verdict of $100,000 is clearly excessive, against the great weight of the evidence, influenced by passion or prejudice, and therefore grounds for a new trial on the issue of damages. Throughout his brief, defendant's counsel addresses his argument to the $100,000 verdict. He ignores the existence of the $35,000 remittitur.

When reviewing a decision in which the prevailing party has agreed to a remittitur, the standard on appeal is whether the trial court abused its discretion. (See *Majewski v Nowicki,* 364 Mich 698; 111 NW2d 887 [1961], *Stevens v Edward C Levy Co,* 376 Mich 1; 135 NW2d 414 [1965].) While the testimony revealed that decedent's medical expenses were relatively minimal, the record also reveals evidence that decedent was in continued and serious pain for the 9-1/2 years between the accident and his death. On the basis of the evidence, we do not feel that the trial judge, who had the opportunity to see and hear the testimony of the witnesses, abused his discretion by concluding

that $65,000 was the "highest amount * * * which the evidence will support". GCR 1963, 527.6.

The defendant also argues that the trial court erred by failing to grant his motion for a mistrial following references to insurance in the presence of the jury. The first reference to insurance came during the voir dire. A prospective juror indicated that he had been employed by an insurance company which defense counsel's partner occasionally represented. Plaintiff's challenge for cause was granted; defendant voiced no concern regarding the reference to insurance. The other references to insurance came during the defendant's cross-examination of one of plaintiff's witnesses. Defense counsel asked about a statement which the witness had given to an "investigator"; the witness answered by referring to the investigator as an "insurance adjuster". Defendant's motion for a mistrial was denied by the court. The trial judge ruled correctly; casual, unintentional references to insurance do not compel the grant of a mistrial. *Cacavas v Bennett,* 37 Mich App 599; 194 NW2d 924 (1972).

Defendant's final argument, that the trial court erred by limiting defendant's cross-examination of one of plaintiff's witnesses on the basis of a prior written statement is also without merit. An examination of the record reveals that the trial court permitted defense counsel to cross-examine the witness on the basis of the portions of the statement which were within the scope of direct examination and/or relevant to the issues being tried.

Affirmed.