SOAVE CONSTRUCTION COMPANY v LIND ASPHALT PAVING
COMPANY

1. DAMAGES—ELEMENTS—CONTRACTS—BREACH—LOSS OF PROFITS—
SALARIES.

   Damages awarded for breach of contract may include loss of
   profits and salaries paid to employees who are made idle by the
   breach.

2. DAMAGES—REMITTITUR—DISCRETION—ABUSE.

   An order of *remittitur* was an abuse of discretion where the jury
   was satisfied that plaintiff had sustained its burden of proof
   and had suffered damages in the amount of the verdict and
   where the record supports the award and it cannot be said that
   the jury verdict was grossly excessive, influenced by passion or
   prejudice, against the great weight of the evidence, or contrary
   to law (GCR 1963, 527.1).

Appeal from Wayne, Roland L. Olzark, J. Sub-
mitted Division 1 June 10, 1974, at Detroit.
(Docket No. 15855.) Decided October 21, 1974.

Complaint by Soave Construction Company
against Lind Asphalt Paving Company and United
States Fidelity and Guaranty Company for dam-
ages for breach of contract. Judgment for plaintiff
on a *remittitur.* Defendants appeal. Plaintiff cross-
appeals the *remittitur.* Order of *remittitur* set
aside and verdict reinstated.

*Kelman, Loria, Downing, Schneider & Simpson*
(by *Sheldon J. Stark* and *George L. Downing),* for
plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 22 Am Jur 2d, Damages §§ 47, 174.
[2] 22 Am Jur 2d, Damages §§ 366, 367.

*John R. Carney (Zemke & Lustig, P. C.,* of counsel), for defendants.

Before: J. H. GILLIS, P. J., and ALLEN and EL-LIOTT,* JJ.

## *Facts*

ELLIOTT, J. The jury finding that defendant Lind Asphalt Paving Company (hereinafter, Lind) breached an oral contract with plaintiff is not in issue on appeal. The defendants' appeal concerns only the damages.

Lind, a general contractor, asked plaintiff, a sub-contractor, to bid the sewer and drainage work on a street-paving job. Plaintiff's bid of $34,954 was used in Lind's bid to the city, and, when it was awarded the contract, Lind told plaintiff's president that plaintiff would do the sub-contract work in four specified weeks beginning in March. Plaintiff reserved men and equipment for that period and bid no other jobs that would conflict. Nothing was heard from Lind until plaintiff's president telephoned when a competitor's equipment was seen on the job site. Lind said it was only doing preliminary excavation; later, after several calls, plaintiff was told that the sub-contract work would be done by Lind's own men. At trial, Lind admitted that the competitor had done it. For lack of any prior notice, plaintiff could not line up other work to mitigate its damages.

Plaintiff's president testified that the bid included 25% of the costs as profit, so the profit would be 20% of the sub-contract price. Plaintiff's president testified that this profit factor was customary and based on his 20-year experience in the

* Circuit judge, sitting on the Court of Appeals by assignment.

business. He and his brother, who is also an officer of the company, were each paid $750 per week for running the business and for operating heavy equipment on its jobs 16 or 17 hours a day. At the time of trial, heavy equipment operators were paid almost $9 per hour plus benefits and overtime. Plaintiff's business records proved that the company actually paid $750 per week to each brother. The records also showed that plaintiff lost money in the year this contract was to be performed and made a small profit, much less than 20%, in the prior year. Adding machine tapes were received as an exhibit. They totaled the amount bid as the sum of the estimated costs, including the brothers' salaries, and the percentage profit. The other men reserved for this job were not hired nor paid.

The jury awarded damages of $12,990.80 which was obviously the sum of the lost wages to the brothers ($750 x 4 weeks x 2 men) and the lost profit (20% of $34,954). A motion for judgment n.o.v. was denied, but the judge granted defendant a new trial unless plaintiff accepted a *remittitur* of $2,000. Plaintiff accepted the reduction, but pursuant to GCR 1963, 527.6, cross-appeals for reinstatement of the jury verdict.

## *Opinion*

Defendant contends that the proofs were insufficient, the award excessive and that plaintiff was not entitled to both profit and the salaries. We disagree; the verdict was supported by evidence. Moreover, we see no basis for the trial court's order of *remittitur.*

The evidence showed that a customary profit was included in the bid in addition to the salaries paid to the principal officers who would have

earned their salaries by operating heavy equipment long hours on the job. The anticipated profit and the salaries did not overlap, resulting in a double recovery. The lack of advance notice prevented the plaintiff from securing other jobs to employ the brothers during the contract period. Enforced idleness of the salaried workers was a part of the detriment sustained by the breach. *Navarro v Jeffries,* 181 Cal App 2d 454; 5 Cal Rptr 435 (1960). Had plaintiff become obligated to pay independent heavy equipment operators for the four-week period, no one would argue that it could not recover both that loss and the expected profit. The fact that over the year the company did not make a profit does not disentitle it to the profit bargained for in this contract. If the job was underbid, Lind could benefit from that by honoring the contract or by disproving the amount of plaintiff's expected profits. Defendants did neither.

The jury was satisfied that plaintiff had sustained its burden of proof and had lost the amount of the verdict. We have examined the record and find that it supports the award. *Moline Furniture Works v Club Holding Co,* 280 Mich 587; 274 NW 338 (1937). The grounds for ordering a new trial or *remittitur* are found in GCR 1963, 527.1. We cannot say that the jury verdict was grossly excessive, influenced by passion or prejudice, against the great weight of the evidence, or contrary to law. The instructions, given without objection, were fair. No procedural error is urged. Ordering *remittitur,* therefore, was an abuse of discretion and should be set aside. *Majewski v Nowicki,* 364 Mich 698; 111 NW2d 887 (1961).

Defendants' appeal is denied and plaintiff's cross-appeal is granted. Costs to plaintiff.

All concurred.