ISOM v FARRUGIA

1. JUDGMENT—JUDGMENT NOTWITHSTANDING VERDICT—DIRECTED
   VERDICT—MOTIONS—STANDARDS—JURY QUESTION.

   The same standards which govern a decision upon a motion for
   directed verdict apply to a motion for judgment notwithstand-
   ing the verdict; the question is one for the jury if, after viewing
   the facts and all legitimate inferences therefrom in the light
   most favorable to the party opposing the motion, reasonable
   men could differ.

2. AUTOMOBILES—NEGLIGENCE—JURY QUESTION—CLEAR VIEW—MAIN-
   TAINING PROPER LOOKOUT—REASONABLY PRUDENT MANNER.

   The question of a defendant's negligence is properly one for the
   jury in a suit for damages arising out of an automobile accident
   where from the testimony offered reasonable minds could have
   differed as to whether a defendant had a clear view of an
   intersection and children on the edge of the highway, and
   whether the defendant failed to maintain a proper lookout and
   took proper precautions to operate her vehicle in a reasonably
   prudent manner.

3. TRIAL—NEW TRIAL—MOTIONS—DISCRETION—VERDICT—WEIGHT OF
   EVIDENCE—APPEAL AND ERROR.

   The grant or denial of a motion for a new trial lies within the
   sound discretion of the trial court, and the test for granting
   appellate relief because a jury verdict is contrary to law and
   against the great weight of the evidence is that the verdict is
   against the overwhelming weight of the evidence.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 46 Am Jur 2d, Judgments §§ 106 *et seq.,* 135.
   Practice and procedure with respect to motions for judgment or in
      default of verdict under Federal Civil Procedure Rule 50(b) or like
      state provisions. 69 ALR2d 449.
[3] 5 Am Jur 2d, Appeal and Error §§ 833–835, 838.
   58 Am Jur 2d, New Trial §§ 212, 213.
[4] 75 Am Jur 2d, Trial § 610.
[5] 5 Am Jur 2d, Appeal and Error § 939 *et seq.*

4. AUTOMOBILES—NEGLIGENCE—JURY—INSTRUCTIONS TO JURY—STAN-
    DARD INSTRUCTIONS—CHILDREN.

    Standard jury instructions are mandatory whenever they are
    applicable, accurate and requested by a party; and the standard
    jury instruction relating to the presence of children in the
    vicinity of an accident was properly given where there was
    conflicting evidence as to a defendant's knowledge on that
    issue, no objection was raised as to the accuracy of the law in
    the instruction, and a timely request was made by plaintiff for
    the instruction (SJI 10.07).

5. DAMAGES—EXCESSIVE DAMAGES—REMITTITUR—COURTS—DISCRE-
    TION.

    The standard of review in cases where the trial court orders
    *remittitur* of a jury verdict is whether the trial court abused its
    discretion; an order requiring *remittitur* was an abuse of discre-
    tion where there is nothing to indicate that the verdict was
    reached as a result of passion, prejudice, mistake of law or of
    facts, that it amounts to an injustice to defendants or is
    contrary to the evidence.

Appeal from Macomb, Walter P. Cynar, J. Sub-
mitted June 17, 1975, at Detroit. (Docket No.
21532.) Decided August 13, 1975. Leave to appeal
denied, 395 Mich 789.

Complaint by Orville J. Isom, administrator of
the estate of James O. Isom, deceased, against
Patricia A. Farrugia and Carl Farrugia for wrong-
ful death arising out of an automobile accident.
Verdict and judgment for plaintiff, following plain-
tiff's agreement to a *remittitur.* Defendant appeals
and plaintiff cross-appeals. Remanded for entry of
judgment on the verdict.

*Dank, Peterson & Hay, P. C.,* for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber,*
for defendants.

Before: T. M. BURNS, P. J., and QUINN and M. J.
KELLY, JJ.

T. M. Burns, P. J. On September 2, 1971, on eastbound Metropolitan Highway in Macomb County, defendant Patricia Farrugia, while driving an automobile owned by her husband, defendant Carl Farrugia, struck and killed six-year old Jimmy Isom. Plaintiff Orville Isom, as administrator of Jimmy's estate, filed suit for $50,000 damages plus costs to the estate. At the close of plaintiff's proofs, defendants moved for and were denied a directed verdict.

The jury returned a verdict for the plaintiff and awarded damages of $25,000. Defendants filed a motion for judgment notwithstanding the verdict or a new trial or *remittitur.* The trial court denied the motion for judgment notwithstanding the verdict but ordered *remittitur* to $20,000 plus costs to be entered by plaintiff, otherwise the motion for new trial would be granted. Plaintiff filed a timely consent to the entry of judgment on *remittitur* and an order denying the motion for new trial was entered thereafter. Defendants now appeal as of right, plaintiff cross-appealing from the order of *remittitur.*

Testimony produced at trial was conflicting on several key points. Mrs. Farrugia testified that on the date of the accident she was driving in an easterly direction on Metropolitan Highway, which was a familiar route of travel to her. She stated that as she was traveling in the left-hand lane of eastbound Metropolitan approaching the intersection of Groesbeck Highway, her view was obstructed by two large trucks waiting at the light in the right-hand lane. She also stated that because the trucks blocked her view, she did not see Jimmy Isom on the highway until she had passed through the intersection on a green light. She further stated that she immediately applied her

brakes but could not stop in time to avoid hitting the child.

Michael Kanakry testified that on the day of the accident he was operating a produce stand near the intersection as he had been all summer. He stated that prior to the time Jimmy was struck by defendants' car, he saw Jimmy's older brother run across eastbound Metropolitan, stopping in the median to wait for his younger brother. He added that when Jimmy started across the road, the defendant went through the light and struck him. He further stated that there were no trucks in the area blocking his view. He also observed a second vehicle, traveling in the right-hand lane, which followed defendant's car through the intersection.

The driver and occupant of the second vehicle testified that they were in the right-hand lane and that the defendant's car was approximately four to five car-lengths in front of them. The driver testified that prior to the time Jimmy ran into the road, she saw children on the side of the road and was worried that they would run over to the boy who had already crossed.

Defendants first claim that the trial court erred in denying their motions for a directed verdict and for a judgment notwithstanding the verdict.

The same standards which govern the trial court's decision upon a motion for directed verdict apply in the case of a motion for judgment notwithstanding the verdict. *Viland v Winslow,* 34 Mich App 486, 487; 191 NW2d 735 (1971), *Serinto v Borman Food Stores,* 3 Mich App 183, 190; 142 NW2d 32 (1966), *Yacobian v Vartanian,* 221 Mich 25; 190 NW 641 (1922). That standard is whether, after viewing the facts and all legitimate inferences therefrom in the light most favorable to the party opposing the motion, reasonable men could

differ. If they can, the question is one for the jury. *McClure v Dukes,* 61 Mich App 339; 232 NW2d 704 (1975), *Wilhelm v Detroit Edison Co,* 56 Mich App 116, 126; 224 NW2d 289 (1974), *Mackey v Island of Bob-Lo Co,* 39 Mich App 64; 197 NW2d 151 (1972), *Sparks v Luplow,* 372 Mich 198; 125 NW2d 304 (1963).

Viewing the evidence in the case at bar in the light most favorable to the plaintiff, we hold that the question of defendant's negligence was properly one for the jury. On the aforementioned facts, reasonable minds could have differed as to whether defendant: (1) had a clear view of the intersection; (2) had a clear view of the children on the edge of the highway; and (3) failed to maintain a proper lookout and take proper precautions in violation of her duty to operate her vehicle in a reasonably prudent manner. Accordingly, we find no error in the trial court's denial of defendants' motions for directed verdict and judgment notwithstanding the verdict.

Defendants next claim that the trial court erred in denying their motion for a new trial because the jury's verdict was against the great weight of the evidence. We disagree.

The grant or denial of a motion for a new trial lies within the sound discretion of the trial court. *Doyle Vacuum Cleaner Co v F J Siller & Co,* 55 Mich App 601, 611; 223 NW2d 86 (1974), *Durbin v K-K-M Corp,* 54 Mich App 38, 58–59; 220 NW2d 110 (1974).

"The test for granting appellate relief because a jury verdict is contrary to law and against the great weight of the evidence is that the verdict is against the overwhelming weight of the evidence. *Lake Oakland Heights Park Association v Waterford Township,* 6 Mich App 29 [148 NW2d 248] (1967). The record here

before us fails to meet that test." *Newton v Huddle,* 22 Mich App 314, 316; 177 NW2d 222, 224 (1970).

Similarly, the record in the case at bar does not meet the test since the evidence presented disputed questions of fact for the jury to decide. After reviewing these facts, we cannot say that the jury's verdict was against the overwhelming weight of the evidence. Consequently, we also cannot say that the trial court erred in denying defendants' motion for a new trial.

Defendants next claim that the trial court erred in giving Standard Jury Instruction 10.07. This issue was properly preserved for appeal by defendants' objection that the facts produced at trial did not warrant the following instruction:

"The law recognizes that children act upon childish instincts and impulses. If you find defendant knew or should have known that a child or children were or were likely to be in the vicinity, then the defendant is required to exercise greater vigilance and this is a circumstance to be considered by you in determining whether reasonable care was used by the defendant."

In *Javis v Ypsilanti Board of Education,* 393 Mich 689; 227 NW2d 543 (1975), our Supreme Court held that standard jury instructions are mandatory whenever they are applicable, accurate, and requested by a party. Standard Jury Instruction 10.07 is applicable to the case at bar since conflicting evidence was presented as to whether or not defendant knew or should have known that children were or were likely to be in the area where the accident occurred. Two witnesses testified that no trucks obstructed defendant's view of the intersection and the children. These same two witnesses also testified that

Jimmy Isom's older brother ran across the road and was waiting for Jimmy to cross. Furthermore, defendant testified that she frequently traveled the road and was aware of the nearby church and school yard.

Based upon the facts presented in the testimony of the various witnesses, the instruction is applicable. As to the second part of the test stated in *Javis,* no objection has been preserved or raised by defendants as to the accuracy of the law contained in the instruction. Finally, a timely request was made by plaintiff to the court for the instruction in question. Therefore, the trial court did not err in giving the standard instruction.

Plaintiff claims by way of cross-appeal that the trial court erred in ordering *remittitur,* thereby reducing the verdict from $25,000 to $20,000. We agree.

The standard of review in cases where the trial court orders *remittitur* of a jury verdict is whether the trial court abused its discretion. *Dougherty v Rezolin, Inc,* 48 Mich App 636, 637; 210 NW2d 899 (1973), *Majewski v Nowicki,* 364 Mich 698; 111 NW2d 887 (1961), *Stevens v Edward C Levy Co,* 376 Mich 1; 135 NW2d 414 (1965). In *Majewski, supra,* the Supreme Court said:

> "There is nothing to indicate that the verdict was reached as a result of passion, prejudice, mistake of law or of fact, or that it amounts to an injustice to defendants or is contrary to the evidence. We can only conclude that the entering of an order requiring *remittitur* constituted an abuse of discretion." 364 Mich at 700.

Such is the case here. The verdict, as rendered by the jury, was within the range of the testimony presented. The verdict was not excessive, nor was it contrary to the evidence. Accordingly, we con-

clude that the trial court abused its discretion in requiring the *remittitur.*

Finally, we have carefully examined the record in the case at bar and considered defendants' remaining assignments of error. Having found these claims to be lacking in substance, we do not discuss them decisionally.

Remanded for entry of judgment on the verdict.