QUADE v HARTFIELD ENTERPRISES, INCORPORATED

Docket No. 58050. Submitted June 8, 1982, at Detroit.—Decided September 15, 1982.

Lynda Quade slipped and fell while bowling at the Hartfield Lanes in Berkley, Michigan. She filed suit against Hartfield Enterprises, Incorporated, in Oakland Circuit Court alleging that defendant failed to maintain the premises in a safe and proper condition and that defendant's negligence caused her to fall and injure herself. The jury returned a verdict for damages in the amount of $680,000 in favor of plaintiff but found plaintiff 93% negligent. Defendant's liability was reduced to $47,600 due to the finding that plaintiff was 93% negligent. A loss of consortium claim by plaintiff's husband was rejected by the jury. Defendant moved for a judgment notwithstanding the verdict or, in the alternative, an order of *remittitur* on the basis that the jury's damage award of $680,000 shocked the judicial conscience. The court, Robert C. Anderson, J., reduced the damage award to $250,000, thereby decreasing plaintiff's recovery to $17,500. Plaintiff appeals. *Held:*

The trial court did not abuse its discretion in granting defendant's motion for *remittitur*. The court's figure of $250,-000 represents just compensation for the damages, both present and future, incurred by plaintiff.

Affirmed.

1. DAMAGES — *REMITTITUR*.

*Remittitur* can be properly awarded, absent other errors in the trial, only if the verdict is so excessive as to shock the judicial conscience.

2. DAMAGES — PERSONAL INJURY.

A verdict in an action for damages for personal injuries should not be set aside so long as the amount awarded is within the range of the evidence and within the limits of what reasonable

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 22 Am Jur 2d, Damages § 366.
[2] 22 Am Jur 2d, Damages §§ 85, 86, 109.
[3] Am Jur 2d New Topic Service, Comparative Negligence §§ 10 11.

minds might deem just compensation for such imponderable items as personal injuries sustained and pain and suffering.

3. DAMAGES — COMPARATIVE NEGLIGENCE — *REMITTITUR.*

A plaintiff is allowed, under the doctrine of comparative negligence, to recover damages less the percentage of fault attributed to the plaintiff; in deciding a question of *remittitur* in a comparative negligence context, the figure to be applied is the total damages awarded before subtraction of the amount attributable to the plaintiff's negligence; to decide the question of *remittitur* based only on the defendant's portion of the damage award would unjustly ignore the plaintiff's negligence.

*Zeff & Zeff* (by *Arnold M. Fink),* for plaintiffs.

*Fulkerson, Hudson, Moore, Bileti, Pierce & Tennent, P.C.* (by *Joseph J. Bileti* and *Jeffrey L. Hudson),* for defendants.

Before: J. H. GILLIS, P.J., and WAHLS and R. H. BELL,* JJ.

PER CURIAM. In this slip and fall case, plaintiff, Lynda Quade, appeals an order granting *remittitur* after a jury awarded her $680,000 in damages.

Mrs. Quade slipped and fell while bowling at the Hartfield Lanes in Berkley, Michigan. She sued, alleging that defendant failed to maintain the premises in a safe and proper condition and that defendant's negligence caused her to fall to her knees, sustaining injury.

The jury returned a verdict for damages in the amount of $680,000, as requested by Mrs. Quade. The jury found Mrs. Quade 93% negligent, however, reducing defendant's liability to $47,600. Plaintiff Robert Quade's claim of $25,000 for loss of consortium was rejected by the jury.

Following the verdict, defendant moved for judgment notwithstanding the verdict or, in the alter-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

native, an order of *remittitur* on the basis that the jury's damage award of $680,000 shocked the judicial conscience. The judge reduced the damage award to $250,000, thereby decreasing Mrs. Quade's actual recovery to $17,500.

Plaintiff Lynda Quade contends that the trial judge abused his discretion in granting defendant's motion for *remittitur.* We do not agree.

GCR 1963, 527.6 provides in pertinent part:

"When a finding is made that the only error in the trial is the inadequacy or excessiveness of the verdict, the court may deny a motion for new trial on condition that within 10 days the non-moving party consents in writing to the entry of judgment of an amount found by the judge to be the lowest or highest amount respectively which the evidence will support."

*Remittitur* can be properly awarded, absent other errors in the trial, only if the verdict is so excessive as to "shock the judicial conscience". *Stevens v Edward C Levy Co,* 376 Mich 1, 5; 135 NW2d 414 (1965); *Burnett v Mackworth G Rees, Inc,* 109 Mich App 547, 552; 311 NW2d 417 (1981); *Pippen v Denison Div of Abex Corp,* 66 Mich App 664, 674; 239 NW2d 704 (1976), *lv den* 399 Mich 823 (1977).

In *Stevens, supra,* p 5, the following "shock the conscience" test was adopted:

"As long as the amount awarded is within the range of the evidence, and within the limits of what reasonable minds might deem just compensation for such imponderable items as personal injuries sustained and pain and suffering, the verdict rendered should not be set aside."

The Court further noted that the permanency of

an injury has a bearing on whether an award is excessive.

In the instant case, while the record does indicate prolonged pain, the existence of a surgical scar, curtailment of sporting activities, and a less satisfying sex life for Mrs. Quade, we are not convinced that $680,000 is the figure that reasonable minds might deem just compensation for such damages. We find that the trial court's conscience was properly shocked at the jury's damage award. We agree that the court's figure of $250,000 represents just compensation for the damages, both present and future, incurred by Mrs. Quade in the instant case.

We point out in conclusion that the above analysis was carried out using the total amount of damages awarded by the jury before operation of the 93% plaintiff negligence finding. Because plaintiff is allowed under the doctrine of comparative negligence to recover damages less the percentage of fault attributed to her, the figure to be applied in reviewing an order of *remittitur* is the total damages awarded before subtraction of that amount attributable to plaintiff's negligence. To decide the question of *remittitur* based only on a defendant's portion of the damage award would unjustly ignore the plaintiff's negligence, a procedure which cannot be justified in a comparative negligence context.

We affirm the trial court's order granting *remittitur.*