WADHAMS, RYAN & REULE *v.* WESTERN ASSURANCE CO.

FIRE INSURANCE—PROOFS OF LOSS—WAIVER—AGENT'S AUTHORITY.
The Michigan standard policy provides that "no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as, by the terms of this policy, may be the subject of agreement indorsed hereon or added hereto, and, as to such provisions and conditions," only when such waiver "shall be written upon or attached hereto." *Held*, that a claim of waiver of proofs of loss, based upon verbal statements of the company's agent, could not be sustained.

Error to Washtenaw; Kinne, J.   Submitted June 9, 1898.   Decided July 12, 1898.

*Assumpsit* by Wadhams, Ryan & Reule, a corporation, against the Western Assurance Company, on a policy of fire insurance.   From a judgment for plaintiff, defendant brings error.   Reversed.

*Chamberlain & Guise*, for appellant.

*Thomas D. Kearney* and *John L. Duffy*, for appellee.

GRANT, C. J.   A fire occurred in plaintiff's store, which was speedily discovered and put out, but its goods were somewhat damaged by smoke.   The stock was insured in several companies, including the defendant.   The policy

was a Michigan standard policy, identical in terms with that in *Gould* v. *Insurance Co.*, 90 Mich. 302, where the material provisions of the policy are stated.   Plaintiff did not furnish proofs of loss as required by the policy, and was permitted to recover upon the ground of waiver. Plaintiff's managers were men of business, and fully understood their duty under the contract.   The local agent had no authority to waive the proofs, and all conversations with him should have been excluded.   The adjuster of the company visited the premises three days after the fire, and Mr. Wadhams, the manager of the plaintiff, testified that the adjuster then informed him that he must make out an inventory, which undoubtedly was understood by both to mean the proofs of loss.   The adjuster returned about six weeks after, and had an interview with Mr. Wadhams. Meanwhile most of the other companies had settled upon a basis of $1,750.   This settlement was reached by means of an arbitration, to which defendant was not a party. At this interview Mr. Wadhams testified that he showed defendant's adjuster the agreement to arbitrate, and a summary of an inventory, and that all that the adjuster said was that his company would not settle upon such a basis.   This is the sole act upon which a waiver is based.

To hold this to be a waiver would be to virtually annul the statute prescribing the terms of these contracts, to be observed alike by the insurer and the insured.   The adjuster testified that he then told Mr. Wadhams that it would be necessary for him to produce an inventory.   The purpose of this statute is to protect both parties, by requiring a waiver to be in writing.   The case is so squarely within that of *Gould* v. *Insurance Co.* that we refrain from further discussion.   See, also, Ostr. Fire Ins. (2d Ed.) §§ 32, 57.

The judgment is reversed, and, inasmuch as no different case can be made upon a new trial, none will be ordered.

The other Justices concurred.