SWAIN LUMBER CO. *v.* NEWMAN DEVELOPMENT CO.

1. Appeal and Error—Fraud—Mistake—Evidence.

In nonjury action of assumpsit on the common counts by lumber wholesaler, not licensed to sell at retail, for $793.65 sales tax it had been compelled to pay upon sales to defendant house building company, also not licensed to sell at retail, after sale price had been paid, finding that there was no fraud or mutual mistake on the part of defendant *held*, not against the clear weight of the evidence (Act No. 167, § 23, Pub. Acts 1933).

2. Same—Questions Reviewable—Fraud—Abandonment.

Even if there were merit to claim of fraud on part of defendant, where plaintiff abandoned such claim before judgment in lower court in nonjury action of assumpsit, such claim is not considered on appeal.

3. Sales—Tax—Inclusion in Price—Mistake—Presumptions.

No presumption of mistake against defendant house building company, not licensed to sell at retail, which paid $26,445.08 for lumber purchased from plaintiff lumber wholesaler, arises from silence as to noninclusion of sales tax in the price before or at the time of paying price demanded (Act No. 167, § 23, Pub. Acts 1933).

4. Taxation—Sales Tax—Inclusion or Addition to Price.

The general sales tax act creates no liability on the part of the purchaser of tangible personal property unless the tax is incorporated in or added to the price and the purchaser accepts it with such understanding (Act No. 167, § 23, Pub. Acts 1933).

Appeal from Wayne; Miller (Guy A.), J. Submitted April 3, 1946. (Docket No. 17, Calendar No. 43,265.) Decided May 13, 1946.

Assumpsit in common pleas court of city of Detroit by Swain Lumber Company, a Michigan corporation, against Newman Development Company, a Michigan corporation, for amount of sales tax paid. Case appealed to circuit court and tried without a jury. Judgment for defendant. Plaintiff appeals. Affirmed.

*Dennis Boyle*, for plaintiff.

*Levin, Levin, Garvett & Dill* (*Earlmont H. Dill*, of counsel), for defendant.

REID, J. This action in assumpsit originated in the common pleas court in Detroit, and was appealed to circuit court, where it was tried without a jury. The action is brought to recover for the amount of sales tax paid by plaintiff on sales of lumber by plaintiff to defendant on various dates from July 16, 1941, to September 4, 1942, the total amount of sales being $26,445.08 and tax paid, $793.65. Defendant had judgment. Plaintiff appeals.

During the period mentioned, plaintiff was engaged in selling lumber at wholesale, with no license to sell at retail. Defendant had no license to sell at retail and used all of the purchased lumber in its very large business of building houses. Plaintiff claims none of its officers knew what business defendant was in. Defendant had a storage yard not open for retail trade to any customer. Mr. Maicki, vice-president of plaintiff company, testified that on making the original sale to defendant Newman Development Company, he asked Mr. Savage of defendant company where the material was to go and the nature of defendant's business and said if defendant's yard was not a retail yard, plaintiff could

not sell to defendant company because plaintiff did not sell at retail, and further testified that Savage told the witness that defendant had a yard at Beech and Plymouth roads and did a retail business there. Mr. Maicki testified further that plaintiff did not investigate the yard before furnishing some of the lumber, and did not investigate whether defendant was building houses, but took Savage's statement. Witness Maicki did not remember what Mr. Savage said his official position was but testified that plaintiff got a credit report on defendant and that all plaintiff was interested in (in the report) was whether defendant's finances were sufficient. Witness Maicki did not remember whether the report showed defendant was not in the retail lumber business. Sales to the amount of $5,023.40 had occurred by the end of August, 1941, and witness Maicki testified that in August, 1941, he checked the yard of defendant and all he found was a yard fenced in with lumber stocked and a small office building which was possibly a real estate office. Maicki's testimony was not contradicted by any other witness.

In addition to the sales tax on sales to defendant, plaintiff was required to pay $498 retail sales tax because of sales to four other concerns, purchasers for consumption.

Defendant claims that Maicki's investigation in August, 1941, when only $5,023.40 of the whole account had been incurred, indicated that plaintiff was not relying on any statement by Savage that defendant was in retail business.

The lumber was invoiced and paid for in full. There is no dispute regarding the sale price or payment, which sale price did not include the sales tax in question. After the lumber was paid for, an auditor for the department of revenue investigated

the sales. The department required plaintiff to pay $793.65 sales tax on the sales.

There is no special count in the declaration showing a claim of either fraud or mistake, but plaintiff declared in assumpsit on all the common counts and "especially for Michigan State sales tax on sale of lumber."

After both parties had rested, the court announced his conclusion (at least tentatively) as follows:

"There is no evidence in this case of any misrepresentations of fact, and there is no evidence sufficient to sustain any conclusion of mutual mistake. Therefore, there is no cause of action."

Further discussion ensued and the following occurred:

"*The Court:*    *    *    *    The burden lies upon the plaintiff to prove misrepresentation of fact, which would be fraud, or to prove mutual mistake of fact. If you contend fraud and rely upon fraud, you must prove fraud by clear and convincing testimony.

"*Mr. Boyle:* We don't claim fraud. We claim mistake."

However, plaintiff now states that a question involved in this appeal is misrepresentation and that in consequence thereof plaintiff did not collect the tax as part of the price. The finding by the circuit judge was against plaintiff as to the claimed fraud. We consider that finding to be not against the clear weight of the evidence and it is affirmed. Even if there were a doubt as to the correctness of the finding, plaintiff clearly abandoned his claim of fraud before the judgment in the lower court. We do not consider such claim on appeal.

Plaintiff further claims a question of mistake is involved on this appeal, and that there was a mu-

tual mistake to the effect that no tax was payable on the sales to defendant. There is in the record no testimony to the effect that defendant supposed no such tax was payable. Mr. Maicki for plaintiff testified that he had understood that retail sales were taxable. If it is to be inferred that because no tax was collected from defendant, plaintiff must have considered that sales of such volume were to be treated as wholesale and free from tax, that would be a unilateral mistake, there being nothing to show that defendant so understood the situation. No presumption against defendant arises from the silence of defendant as to noninclusion of sales tax in the price before or at the time of defendant's paying the price demanded.

The circuit judge found that the claim of mistake was not supported by the evidence. We determine that that finding is not against the weight of the evidence, and affirm the finding. The section of the statute in question (Act No. 167, § 23, Pub. Acts 1933 [Comp. Laws Supp. 1940, § 3663-23, Stat. Ann. § 7.544]) is as follows:

"No person engaged in the business of selling tangible personal property at retail shall advertise or hold out to the public in any manner, directly or indirectly, that the tax herein imposed is not considered as an element in the price to the consumer. Nothing contained in this act shall be deemed to prohibit any taxpayer from reimbursing himself by adding to his sale price any tax levied hereunder."

The statute creates no liability on the part of the purchaser to pay the tax unless the tax is incorporated in or added to the price and the purchaser accepts the tangible personal property with such understanding.

Judgment for defendant is affirmed. Costs to defendant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred.