HARRINGTON v VELAT

Docket No. 57171. Decided November 25, 1975.

> Application for leave to appeal from a memorandum decision of
> the Court of Appeals, R. B. Burns, P. J., and T. M. Burns and
> R. M. Maher, JJ., affirming a judgment of no cause of action
> against the City of Detroit after an inconsistent jury verdict in
> the Wayne Circuit Court, Thomas J. Foley, J. (Docket No.
> 17636). The jury in a suit for damages arising out of a plain-
> tiff's arrest found no cause of action against the defendant
> police officers, but awarded damages against the defendant City
> of Detroit, which had only a derivative liability. Reversed and
> remanded for a new trial.

1. TRIAL—DEFECTIVE VERDICT—CORRECTION.

> The trial judge in a civil case can correct a verdict which is
> defective or erroneous as to a mere matter of form not affecting
> the merits or rights of the parties, so as to give effect to what
> the jury unmistakably found.

2. TRIAL—INCONSISTENT VERDICT—NEW TRIAL.

> The general rule is that where a verdict in a civil case is
> inconsistent and contradictory, it will be set aside and a new
> trial granted.

*Lawrence W. Rattner* for plaintiff.

MEMORANDUM OPINION The jury returned an
inconsistent verdict in an action against police
officers and the City of Detroit alleging assault and
battery, false imprisonment and violation of civil
rights arising out of plaintiff's arrest.

The jury found the officers not guilty but
awarded plaintiff-husband $2,000 for physical inju-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, New Trial § 129.
  76 Am Jur 2d, Trial § 1163.
[2] 58 Am Jur 2d, New Trial § 129.

ries against the City of Detroit. Since the city's liability was derivative, the verdict was inconsistent. The trial court denied plaintiffs' motion for new trial and "corrected" the jury's verdict to read no cause of action against the City of Detroit. The Court of Appeals in a memorandum opinion affirmed.

This Court, pursuant to GCR 1963, 853.2(4), reverses the judgment of the Court of Appeals and remands this matter to the circuit court for a new trial.

The trial judge in a civil case can correct a verdict which is defective or erroneous as to a mere matter of form not affecting the merits or rights of the parties so as to give effect to what the jury unmistakably found. 76 Am Jur 2d, Trial, § 1208.

However, the general rule is that where a verdict in a civil case is inconsistent and contradictory, it will be set aside and a new trial granted.

"Ordinarily, a verdict may and should be set aside and a new trial granted where it is self-contradictory, inconsistent, or incongruous, and such relief should, as a rule, be granted where more than one verdict are [sic] returned in the same action and they are inconsistent and irreconcilable." 66 CJS, New Trial, § 66, pp 197–198.

Accord, *Bias v Ausbury,* 369 Mich 378; 120 NW2d 233 (1963); 58 Am Jur 2d, New Trial, § 129, pp 335–336. See *Bartholomew v Walsh,* 191 Mich 252, 261–262; 157 NW 575 (1916).

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, J. W. FITZGERALD, and LINDEMER, JJ., concurred.