FARM BUREAU MUTUAL INSURANCE COMPANY v SEARS,
ROEBUCK AND COMPANY

Docket No. 45022. Submitted May 6, 1980, at Lansing.—Decided
September 2, 1980.

A fire destroyed a home and its contents owned by Joanne P.
Hill. The fire was allegedly caused by negligent repair of the
furnace by Sears, Roebuck and Company. Farm Bureau Mutual
Insurance Company, which insured a portion of the property,
brought an action against Sears to recover the amount of its
loss. Hill intervened as a plaintiff to recover damages for the
destroyed property which was not covered by the insurance.
The jury returned a verdict in favor of Hill but awarded no
compensation to Farm Bureau. Farm Bureau made a motion
for judgment notwithstanding the verdict or, in the alternative,
for a new trial because of the inconsistent verdicts. Hill moved
for *additur,* and Sears moved for a new trial in the event that a
new trial was granted as to Farm Bureau. The Livingston
Circuit Court, Paul R. Mahinske, J., granted Farm Bureau's
motion for judgment notwithstanding the verdict and denied
the other motions. Sears appeals. *Held:*

1. The failure of Sears to object to the motion for judgment
notwithstanding the verdict and Farm Bureau's failure to
object to the jury verdict does not preclude appellate review of
the propriety of the grant of the judgment notwithstanding the
verdict.

2. The proper remedy for the inconsistent verdicts was for
the trial court to have further instructed the jury and the jury
to have further deliberated. Grant of the motion for judgment
notwithstanding the verdict was error.

Reversed and remanded for a new trial.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 632.

[2, 3] 76 Am Jur 2d, Trial § 1214.

[3] 46 Am Jur 2d, Judgments §§ 113–118.

[4] 75 Am Jur 2d. §§ 340 *et seq.,* 491 *et seq.*

Practice and procedure with respect to motions for judgment not-
withstanding or in default of verdict under Federal Civil Proce-
dure Rule 50(b) or like state provision. 69 ALR2d 449.

1. Judgments — Judgment Notwithstanding the Verdict — Appeal — Court Rules.

A party who has had a verdict in their favor set aside on a motion for judgment notwithstanding the verdict is not required to object to the motion in order to preserve for review the question of the propriety of the judgment notwithstanding the verdict (GCR 1963, 515.3[2], 527.7).

2. Jury — Verdicts — Inconsistent Verdicts.

The obligation to remedy an inconsistent verdict lies with the trial court with or without objection of counsel for the parties; the proper remedy is further instruction and jury deliberation.

3. Judgments — Judgment Notwithstanding the Verdict — Directed Verdict.

A judgment notwithstanding the verdict is not the appropriate remedy for inconsistent verdicts; it is proper only where the moving party would have been entitled to a directed verdict.

4. Jury — Verdicts — Directed Verdict.

The test for determination of whether a directed verdict shall be granted is whether or not evidence was offered upon which reasonable minds could differ; if so, a directed verdict should not be granted.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *John C. Patrick, Jr.,* and *Ilene Gordon),* for plaintiffs.

*Foster, Swift, Collins & Coey* (by *Philip T. Carter* and *James E. Lozier),* for defendant.

Before: Cynar, P.J., and M. J. Kelly and T. Gillespie,* JJ.

M. J. Kelly, J. Plaintiff Joanne Hill's farm house and personal property were destroyed by a fire allegedly caused by defendant Sears' negligent repair of the Hill furnace. The property was insured in part by plaintiff Farm Bureau Mutual Insurance Company which, as subrogee of Hill,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

initiated an action against Sears to recover the $26,850 it paid out for the fire loss. Plaintiff Hill filed an intervening complaint against Sears to recover uninsured contents damages incurred in excess of the amount of her insurance coverage with Farm Bureau. The jury returned a verdict in favor of plaintiff Hill in the amount of $15,500, but awarded no compensation to Farm Bureau, finding no cause as to its claim, although entirely derivative. Following entry of judgment pursuant to the jury verdict, Farm Bureau made a motion for judgment *n.o.v.* or, in the alternative, for a new trial due to the inconsistent verdicts. Plaintiff Hill made a motion for *additur.* Defendant Sears likewise moved for a new trial in the event that a new trial was granted as to Farm Bureau. The trial court granted Farm Bureau's motion for judgment *n.o.v.* and denied all other motions. A judgment was entered accordingly and defendant appeals as of right.

Defendant claims that the trial court erred in granting plaintiff Farm Bureau's motion for judgment *n.o.v.* and denying its motion for new trial. Before addressing the merits of the issue we must first determine whether Sears properly preserved for appeal the question regarding the judgment *n.o.v.* due to its failure to object at the hearing below. GCR 1963, 515.3(2) provides:

"The party whose verdict has been set aside on motion for judgment notwithstanding the verdict may, not later than 10 days after entry of judgment, serve and file a motion for a new trial, which shall be granted. or· denied, conditionally or otherwise, and if conditionally, with the consequences set forth in paragraph (1) of this section."

We find no authority in the above court rule or

elsewhere in this jurisdiction requiring that such party also object to the entry of judgment *n.o.v. Cf.* GCR 1963, 527.7. Moreover, when the jury returns inconsistent verdicts the proper corrective procedure at trial is further instruction and jury deliberation:

"It requires no citation of authorities to demonstrate that, when a jury returns to the courtroom and tenders an imperfect, irregular, or defective verdict, it is the duty of the court to further appropriately instruct them, and direct their retirement. Jurors are not learned in the law, and very frequently misapprehend the scope of their powers and duties. Such misapprehensions, when they find expression in improper verdicts, should at once be corrected by the trial judge, and, if possible, a proper verdict secured." *McCormick v Hawkins,* 169 Mich 641, 649; 135 NW 1066 (1912). See *Sadlowski v Meeron,* 240 Mich 306, 313; 215 NW 422 (1927), *aff'd* 243 Mich 602 (1928).

The above cited cases indicate that the obligation to remedy an inconsistent verdict situation lies with the court, with or without objection of counsel. We therefore conclude that plaintiff Farm Bureau's failure to object to the jury verdict and defendant's failure to object at the hearing on the motion for judgment *n.o.v.* do not preclude review.

On appeal, defendant contends that plaintiff Farm Bureau's failure to move for directed verdict at the close of proofs prevents the subsequent entry of judgment *n.o.v.* GCR 1963, 515.2 states, in pertinent part:

"Motion for Judgment Notwithstanding the Verdict. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the moving party may move not later than 20 days after the entry of judgment to have the verdict and any judgment entered thereon set aside and to

have judgment entered in accordance with his motion
for a directed verdict; * * * If a verdict was returned
the court may allow the judgment to stand or may
reopen the judgment and either order a new trial or
direct the entry of judgment as if the requested verdict
had been directed. If no verdict was returned the court
may direct the entry of judgment as if the requested
verdict had been directed or may order a new trial."

Honigman & Hawkins explains the import of the
above rule as follows:

"Under the rule as amended, the trial court is re-
quired to set aside a verdict and enter judgment not-
withstanding the verdict only if a motion for directed
verdict was previously made and not granted. In the
absence of a motion for directed verdict, only a new
trial can be granted in response to a successful post-
judgment attack upon the verdict. However, it should
be noted that prior to adoption of the 1963 rules, when
a motion for a directed verdict was similarly a prerequi-
site to a motion for judgment notwithstanding the
verdict, the Supreme Court had at times exercised its
discretion in granting judgment contrary to the verdict,
in the absence of the prerequisite motion for a directed
verdict, where it appeared that no different result could
be expected upon a new trial. See *Antisdel v Canfield,*
1899, 119 Mich 229, 77 NW 944; *Wadhams v Western
Assur Co,* 1898, 117 Mich 514, 76 NW 6; and *Flagg v
Chicago, etc Ry Co,* 1893, 96 Mich 30, 55 NW 444." 2
Honigman & Hawkins, Michigan Court Rules Anno-
tated (1979 pocket part), at 148.

However, in the instant case neither the rule
nor its exception are applicable. Judgment not-
withstanding the verdict is not the appropriate
remedy for inconsistent verdicts. Judgment not-
withstanding the verdict is proper only when the
movant would have been entitled to a directed
verdict. *Hes v Haviland Products Co,* 6 Mich App
163; 148 NW2d 509 (1967). The proper test for

determining whether a directed verdict should be granted is whether evidence was offered upon which reasonable minds could differ. *Light v Schmidt,* 84 Mich App 51; 269 NW2d 304 (1978). Defendant Sears' liability to plaintiff Hill was clearly a question for jury determination and no motion for directed verdict or subsequent motion for judgment notwithstanding the verdict was made with respect to the negligence issue.

Under the facts of the present case we find the Supreme Court's decision in *Harrington v Velat,* 395 Mich 359; 235 NW2d 357 (1975), directly on point. In *Harrington, supra,* plaintiff sued defendants Detroit police officers and the City of Detroit for assault and battery, false imprisonment, and violation of civil rights arising out of plaintiff's arrest. A jury verdict was rendered against defendant City of Detroit but in favor of defendant police officers. Recognizing that defendant City of Detroit's liability was derivative of defendant police officers, the trial court denied plaintiff's motion for a new trial and "corrected" the verdict to read no cause of action against the City of Detroit. The Supreme Court reversed the Court of Appeals affirmance of the trial court's grant of these motions and remanded the case back to the trial court for a new trial. In doing so, it held:

"The trial judge in a civil case can correct a verdict which is defective or erroneous as to a mere matter of form not affecting the merits or rights of the parties so as to give effect to what the jury unmistakably found. 76 Am Jur 2d, Trial, § 1208.

*"However, the general rule is that where a verdict in a civil case is inconsistent and contradictory, it will be set aside and a new trial granted.*

" 'Ordinarily, a verdict may and should be set aside and a new trial granted where it is self-contradictory, inconsistent, or incongruous, and such relief should, as a rule, be granted where more than one verdict are *[sic]*

returned in the same action and they are inconsistent and irreconcilable.' 66 CJS, New Trial, § 66, pp 197-198.

"Accord, *Bias v Ausbury,* 369 Mich 378; 120 NW2d 233 (1963); 58 Am Jur 2d, New Trial, § 129, pp 335-336. See *Bartholomew v Walsh,* 191 Mich 252, 261-262; 157 NW 575 (1916)." 395 Mich 359, 360. (Emphasis supplied.)

The trial court erred in granting plaintiff Farm Bureau's motion for judgment *n.o.v.* The proper remedy to correct the defective verdict was via further instruction and jury deliberation. The record is silent as to why this was not considered at the time. The verdict itself was not phrased in terms of no cause. It was delivered by the foreman as follows:

"*JUROR #18:* We, the jury, find in favor of the Plaintiff, Mrs. Hill, award her compensation in the amount of $15,500. In the case of the Plaintiff, Farm Bureau Mutual Insurance Company, we award no compensation."

In fact, when the jury was polled the court phrased it thusly:

"*THE COURT:* * * * Is this or is not this your verdict? You can answer yes or no. That you find for the Plaintiff Hill in the amount of $15,500 and you find for the Plaintiff Farm Bureau Mutual Insurance Company no compensation."

After the jury was polled and their verdict found to be unanimous the court thanked them and discharged them. By this time it was very late on a Friday evening, in fact after regular court hours, but the inconsistency is so blatant that it seems to us that the jury might have had a ready understanding of further instructions and corrected the inconsistency. Unfortunately only surmise is left at this point.

Reversed and remanded for new trial. No costs.