DRUMMEY v HENRY

Docket No. 53262. Submitted February 8, 1982, at Lansing.—Decided
    April 7, 1982. Leave to appeal applied for.

George Drummey, a salesman, brought suit in Oakland Circuit
    Court against Rankin Henry, a manufacturer's representative,
    for commissions which plaintiff claimed were due him under an
    oral contract of employment between himself and defendant.
    Plaintiff amended his complaint to add Henry and Dudley
    Associates, Inc., as a defendant. Defendant Henry was an officer
    and 50% stockholder of Henry and Dudley Associates, Inc.,
    which had been incorporated for the purpose of becoming the
    sales representative of Butler Metal Products, Limited, and the
    recipient of sales commissions with respect to prior sales by
    defendant Henry of Butler's products, including sales allegedly
    developed by plaintiff. The jury rendered a verdict in favor of
    plaintiff and awarded him $132,132.41 in damages. The trial
    court, Alice L. Gilbert, J., granted defendants' motion for
    "directed verdict" based on the statute of frauds. Plaintiff
    appeals. *Held:*

    1. The trial court erred in granting a judgment notwithstand-
    ing the verdict in favor of defendants on the basis that the oral
    agreement involved was unenforceable under the statute of
    frauds. The contract is not unenforceable under the statute of
    frauds.

    2. Defendant's theory that the trial court's decision should be
    affirmed since it reached the correct result for, arguably, the
    wrong reason is without merit.

    3. Defendants are not entitled to a new trial by reason of a
    perceived inconsistent jury verdict.

    Reversed.

1. MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING THE VER-
        DICT — EVIDENCE.
    The grant of a defendant's motion for a judgment notwithstand-

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments § 117.
[2-5] 72 Am Jur 2d, Statute of Frauds § 11.
[3] 53 Am Jur 2d, Master and Servant §§ 27, 34.
[6] 76 Am Jur 2d, Trial §§ 1208, 1214, 1215.

ing the verdict is appropriate only if the evidence is insufficient as a matter of law to support a judgment for the plaintiff; in reaching a decision, the trial court must view the evidence in the light most favorable to the plaintiff and give the plaintiff the benefit of every reasonable inference that could be drawn from the evidence; if, after viewing the evidence in this manner, reasonable men could differ, the question is one for the jury and judgment notwithstanding the verdict is improper.

2. Contracts — Oral Contracts — Employment Contracts — Statute of Frauds.

An oral employment contract not to be performed within one year of its making is unenforceable under the statute of frauds (MCL 566.132[1]; MSA 26.922[1]).

3. Contracts — Oral Contracts — Employment Contracts.

Oral employment contracts for an indefinite term, in the absence of distinguishing features, are terminable at the will of either party and are not generally regarded as being within the operation of the statute of frauds since the possibility exists that the contract may be terminated in less than a year from its making (MCL 566.132[1]; MSA 26.922[1]).

4. Contracts — Oral Contracts — Statute of Frauds.

An oral contract which, by any possibility, is capable of being completed within a year is not within the operation of the statute of frauds even though it is clear that the parties may have intended and thought probable that the contract would extend over a longer period and even though it does extend beyond a year (MCL 566.132[1]; MSA 26.922[1]).

5. Contracts — Oral Contracts — Employment Contracts — Statute of Frauds.

The statute of frauds with regard to oral contracts of employment for more than a year does not apply to an oral contract by which the parties agree that the employment is for a period of one year where no date is set for the beginning of work so that there is the possibility that work may commence on the day the contract is made or the next day and still be completed within one year of the making of the contract; this rule applies irrespective of when the work in fact begins (MCL 566.132[1]; MSA 26.922[1]).

6. Trial — Defective Verdicts.

The proper remedy to correct a defective verdict is via further instructions and jury deliberations.

*Karbel, Eiges, Rothstein & Karbel, P.C.,* for plaintiff.

*Tolley, Fisher & Verwys, P.C.* (by *Richard M. Van Orden),* and *Daniel C. Devine,* for defendants.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. F. WALSH, JJ.

PER CURIAM. Plaintiff appeals as of right a lower court order granting a judgment notwithstanding the verdict[1] in favor of defendants.

Plaintiff commenced this action against defendant Rankin S. Henry (Henry) in January of 1977. Plaintiff alleged that Henry owed him commissions under an oral contract of employment. Henry denied that he had contracted to pay plaintiff commissions and asserted the statute of frauds as an affirmative defense. Subsequently plaintiff filed an amended complaint adding Henry and Dudley Associates, Inc., as a defendant. The amended complaint alleged, *inter alia,* that Henry was a manufacturer's representative for Butler Metal Products, Limited (Butler), from June of 1969 to May of 1975 and that Henry and Dudley Associates, Inc., was incorporated about June of 1975 at which time the latter corporation entered into an agreement with Butler under the terms of which Henry and Dudley Associates, Inc., became the sales representative of Butler and the recipient

---

[1] The trial court termed its order as one for a directed verdict. However, as the parties recognize on appeal, since defendants' motion was not ruled on until after the jury had reached a verdict, it is more properly viewed as a motion for judgment notwithstanding the verdict. Since the standards are essentially the same with respect to the appropriateness of a directed verdict or a judgment notwithstanding the verdict, we will adopt the characterization of the motion as one for judgment notwithstanding the verdict. In any case, our resolution of this case would be the same under either characterization of the court's ruling.

of sales commissions with respect to prior sales of Butler's products, including sales developed by plaintiff. Plaintiff further alleged that Henry was an officer and a 50% stockholder of the corporation and that the corporation knew of plaintiff's rights to commissions earned by plaintiff while he was a sales agent for Henry. Plaintiff claimed commissions on sales made to Chrysler Corporation allegedly derived from an order from Chrysler developed by plaintiff.

Prior to trial the court denied defendants' motions for summary judgment based on the statute of frauds.

At trial, plaintiff and defendants gave differing versions of the formation and content of the oral employment contract they had entered into in 1973. A number of witnesses testified as to custom in the industry regarding sales commissions and as to plaintiff's contacts with Chrysler while employed by Henry. At the close of plaintiff's proofs and again at the close of all proofs, defendants moved for a directed verdict. These motions were taken under advisement by the court. The jury rendered a verdict in favor of plaintiff and awarded plaintiff $132,132.41. Subsequently, defendants filed a motion for directed verdict, judgment notwithstanding the verdict or new trial. The trial court granted the motion for a "directed verdict" based on the statute of frauds. It is from this decision that plaintiff appeals.

The first issue we address is whether the trial court erred in granting a judgment notwithstanding the verdict in favor of defendants on the basis that the oral agreement involved herein was unenforceable under the statute of frauds, MCL 566.132(1); MSA 26.922(1).

A judgment notwithstanding the verdict on de-

fendants' motion is appropriate only if the evidence is insufficient as a matter of law to support a judgment for plaintiff. *Basic Food Industries, Inc v Grant,* 107 Mich App 685, 695; 310 NW2d 26 (1981). In reaching a decision, the trial court must view the evidence in the light most favorable to the plaintiff and give the plaintiff the benefit of every reasonable inference that could be drawn from the evidence. *Isom v Farrugia,* 63 Mich App 351, 354-355; 234 NW2d 520 (1975). If after viewing the evidence in this manner reasonable men could differ, the question is one for the jury and judgment notwithstanding the verdict is improper. *Id.*

At the outset, we note that an oral employment contract not to be performed within one year of its making is unenforceable under the statute of frauds. *Pursell v Wolverine-Pentronix, Inc,* 44 Mich App 416, 418; 205 NW2d 504 (1973). Also, oral employment contracts for an indefinite term, in the absence of distinguishing features, are terminable at the will of either party. *Lynas v Maxwell Farms,* 279 Mich 684, 687; 273 NW 315 (1937). Being terminable at will, indefinite term employment contracts are not generally regarded as being within the statute since the possibility exists that the contract may be terminated in less than a year from its making. *Adolph v Cookware Co of America,* 283 Mich 561; 278 NW 687 (1938). 2 Corbin on Contracts, §§ 446-447, pp 549-556. Finally, we note that, if there is any possibility that an oral contract is capable of being completed within a year, it is not within the statute of frauds, even though it is clear that the parties may have intended and thought it probable that it would extend over a longer period and even though it does so extend. *Rowe v Noren Pattern & Foundry Co,* 91 Mich

App 254; 283 NW2d 713 (1979), *lv den* 409 Mich 880 (1980).

In the instant case the trial court's ruling was based on a finding that the testimony showed that the parties understood that plaintiff could not possibly perform his part of the contract (*i.e.,* make any new sales) within one year.

Viewing the testimony in the light most favorable to plaintiff, the trial court's finding is not supported by the record. We have not been able to find, nor have defendants directed us to, anything in the record which indicates that the parties understood that plaintiff could not secure any sales within one year of the agreement. Thus, the premise upon which the trial court based its decision is clearly erroneous. The evidence indicates that plaintiff's job consisted of servicing accounts and making new sales. While arguably it may have been unlikely that plaintiff would make any new sales within one year, there certainly was a possibility that the contract was capable of performance within one year. Thus, even though the parties may have intended the contract to last longer than a year, it is not unenforceable under the statute of frauds. See *Adolph, supra,* and *Rowe, supra.*

On appeal defendants assert that, although the trial court may have erred in its reasoning, the trial court's decision should be affirmed in that it reached the correct result for, arguably, the wrong reason. In this regard, defendants argue that the contract was formed in late September of 1973 and that plaintiff was to commence employment under the agreement on October 1, 1973. According to defendants, plaintiff's and Henry's testimony showed that the employment contract had a minimum term of one year and a maximum term left

uncertain. Under these facts defendants maintain that the contract could not be completed by late September and is therefore unenforceable.

Since this theory was not argued before the trial court, it is not properly before this Court. See *Swain Lumber Co v Newman Development Co,* 314 Mich 437; 22 NW2d 891 (1946). However, even if this argument were properly before us we would find it to be without merit.

To begin with, the evidence does not unequivocally indicate that the employment contract was to last for a year. Although Henry testified that it was his understanding that he was to employ plaintiff for a year, after which time there was a possibility that he and plaintiff would engage in a joint venture, plaintiff's testimony could legitimately be read as indicating that he understood the contract to be terminable at will, with the possibility that it could last indefinitely.

Even if we were to accept, for purposes of argument, defendants' contention that the contract was to last a year and not to commence until October 1, 1973, defendants would still not prevail. This is because of the rule that, if no date is set for the beginning of work so that there is the possibility that work may commence on the day the contract is made or the next day, the statute of frauds does not apply irrespective of when the work, in fact, begins. 2 Corbin, *supra,* § 447, p 558. See also *Southwell v Parker Plow Co,* 234 Mich 292; 207 NW 872 (1926), *Dykema v Story & Clark Piano Co,* 220 Mich 600; 190 NW 638 (1922).

In the instant case, the testimony concerning the date the agreement was reached in ambiguous at best. Presumably the contract was entered into in late September of 1973, but the exact date is not clear from the record. Thus, arguably, the

contract was made on September 30, 1973, with plaintiff starting work the very next day. If this is true, the statute would not be applicable. *Dykema, supra.* Alternatively, if the agreement was entered into earlier than September 30, 1973, but no exact date was set for commencement of work (and defendants have not cited us to anything in the record which indicates that the parties definitely entered into the agreement on a specific day in September and specifically provided that plaintiff was to work for a year and that that work was not to commence until October 1, 1973) the statute of frauds would still not be applicable. 2 Corbin, *supra,* § 447, p 558.

Defendants also cite us to a number of New York cases which supposedly mandate a finding that the statute of frauds was violated in this case. We have reviewed the cited cases and find that they are either distinguishable from the instant case or not persuasive. See 2 Corbin, *supra,* § 445 (Supp), pp 140-141.

Finally, we reject defendants' contention that they are entitled to a new trial by reason of an inconsistent jury verdict. As recognized in *Farm Bureau Mutual Ins Co v Sears, Roebuck & Co,* 99 Mich App 763; 298 NW2d 634 (1980), the proper remedy to correct a defective verdict is via further instructions and jury deliberations. This is exactly what was done in the instant case. After the trial court perceived that there might be an inconsistency in the jury's verdict, it asked them to answer an additional question. The answer to this additional question resolved the prior perceived inconsistency.

In any case, as noted by plaintiff, there is a view of the case which makes the jury verdict consistent. Thus, reversal would not be required even if

the trial court's additional question to the jury had not clarified the court's perception of an inconsistency in the verdict. See, *Izzo v Weiss,* 270 Mich 372; 259 NW 295 (1935). See also *Atlantic & Gulf Stevedores, Inc v Ellerman Lines, Ltd,* 369 US 355; 82 S Ct 780; 7 L Ed 2d 798 (1962).

Because of our resolution of the foregoing issues we need not address the remaining issues raised by plaintiff.

Reversed. The jury verdict is reinstated. Costs to plaintiff.